IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE ROCHE, JAY MINERLY and TIM SINGLETON, Individually and as Class Representatives,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　vs.<br><br>AETNA, INC., AETNA HEALTH, INC. (a NJ corp.), AETNA HEALTH INSURANCE CO., AETNA LIFE INSURANCE CO., and THE RAWLINGS COMPANY, LLC,<br><br>　　　　　　　　　Defendants. | **Case No.** _____ |

## NOTICE OF REMOVAL

Defendants Aetna Inc., Aetna Health Inc., Aetna Health Insurance Co., Aetna Life Insurance Co. (collectively "Aetna") and The Rawlings Company, LLC ("Rawlings") (collectively "Defendants"), hereby give notice of the removal of this action from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-438-13, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1446 and 1453.

### I.　　History of the Action

1.　　On January 25, 2013, Plaintiffs Michelle Roche ("Roche"), Jay Minerly[1] ("Minerly") and Tim Singleton ("Singleton") filed a putative class action complaint (the "Complaint" or "*Compl.*") in the Superior Court of New Jersey, Law Division, Atlantic County, Index No. L-438-13 (the "Action"). A true and correct copy of the Summons and Complaint,

---
[1] Defendants' records indicate that the correct spelling for Plaintiff Minerly's last name is "Minerley."

{2591 / NOT / 00116374.DOCX v11}　　　　　　　1

and the Affidavits of Service and Inquiry, constituting all pleadings, process and orders served upon Defendants in this Action, are annexed hereto as Exhibit A (the Summons and Complaint) and Exhibit B (the Affidavits).

2. Aetna Inc. was served with a summons and complaint on February 12, 2013. *See* Exhibit B, *Roche et al v. Aetna et al,* Docket No. 438-13, Law Civil (Atlantic Cty. NJ) Doc. No. 5.

3. Aetna Health Inc. (New Jersey) was served with a summons and complaint on February 11, 2013. *See* Exhibit B, *Roche et al v. Aetna et al,* Docket No. 438-13, Law Civil (Atlantic Cty. NJ) Doc. No. 8.

4. Aetna Health Insurance Co. was served with a summons and complaint on or after February 12, 2013. *See* March 6, 2013 Declaration of Myrna Goodrich ("Goodrich Decl.") ¶ 5, annexed hereto as Exhibit C.

5. Aetna Life Insurance Co. was served with a summons and complaint on February 12, 2013. *See* Exhibit B, *Roche et al v. Aetna et al,* Docket No. 438-13, Law Civil (Atlantic Cty. NJ) Doc. No. 6.

6. The Rawlings Company, LLC was served with a summons and complaint on February 11, 2013. *See* Exhibit B, *Roche et al v. Aetna et al,* Docket No. 438-13, Law Civil (Atlantic Cty. NJ) Doc. No. 7.

7. This Notice of Removal is timely under 28 U.S.C. § 1446(b), having been filed within 30 days of service of the initial pleading. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 357 (1999).

## II.     Allegations of the Complaint

8.      Plaintiffs allege that they each suffered personal injuries in separate motor vehicle accidents and received medical benefits paid for by Aetna under their respective group health benefits plans ("Plans"). *Compl.* ¶ 18.

9.      Plaintiffs filed lawsuits against their respective tortfeasors to recover damages for their injuries. *Id*. ¶ 19.

10.     The Complaint alleges that Rawlings, as Aetna's agent, "has asserted, and continues to assert, a lien, subrogation claim and/or demand for reimbursement for the benefits which Aetna paid as against Plaintiffs' personal injury recoveries." *Id*. ¶ 20.

11.     Roche and Minerly plead that they paid Defendants "in response to the Defendant's lien subrogation and/or repayment demands." *Id*. ¶ 21.

12.     Singleton does not allege he either settled his personal injury lawsuit or paid anything to any Defendant. *Id., passim.*

13.     Plaintiffs assert that Defendants' assertion of such subrogation of reimbursement rights "are prohibited by New Jersey law." *Id*. ¶ 14.

14.     Specifically, Plaintiffs plead that "[p]ursuant to N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10, health insurers are prohibited from including subrogation, liens and/or reimbursement provisions in their policies." *Id*. ¶ 46.

15.     The Complaint asserts 33 separate "Counts" for relief, all under New Jersey statutory or common law.  Plaintiffs seek declaratory relief, compensatory damages, treble damages pursuant to the New Jersey Consumer Fraud Act, punitive damages, interest and legal fees from Defendants on behalf of themselves and putative class members. *Id*., Prayer for Relief at p. 32.

16. Plaintiffs purport to bring the action on behalf of a class defined as follows:

> The Class is defined as all of those individuals who had health insurance coverage through non-ERISA pre-empted plans issued by Aetna in and subject to the laws of New Jersey
>
> a. and against whom Aetna directly, or indirectly through its agent, Rawlings, has asserted liens, subrogation demands and/or demands for repayment from their personal injury recoveries.

*Id.* ¶ 26.

### A. Grounds for Removal

<u>This Action Arises Under the Laws of the United States</u>

17. Federal district courts have original jurisdiction over all civil actions arising under the laws of the United States, including the Employee Retirement Income Security Act of 1974 ("ERISA"). 28 U.S.C. § 1331; ERISA § 502(f), 29 U.S.C. § 1132(f).

18. The Action arises under the laws of the United States, specifically ERISA, 29 U.S.C. §§ 1001, *et. seq.*, and may be removed to this Court pursuant to 28 U.S.C. §§ 1441, *et. seq*.

19. Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

20. This Action could have been brought in federal court as an action for benefits due under ERISA § 502(a)(l)(B), 29 U.S.C. § 1132(a)(l)(B). *See Levine v. United HealthCare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005).

21. Under ERISA's civil enforcement provisions, a plan participant or beneficiary may sue in federal court to recover benefits due and seek relief in "the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan

administrator's improper refusal to pay benefits." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987); ERISA §§ 502(a)(l)(B), (a)(3), 29 U.S.C. §§ 1132(a)(l)(B), (a)(3).

22. ERISA's civil enforcement mechanism, including § 502(a)(l)(B), "is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim," making it removable to federal court. *Davila*, 542 U.S. at 209 (internal quotation marks omitted).

23. Plaintiff Roche received medical coverage for her alleged injuries from the Bank of America employee group health plan, the benefits under which are administered by Aetna Life Insurance Company. Exhibit C, *Goodrich Decl*. ¶ 8.

24. Plaintiff Minerly received medical coverage for his alleged injuries from the Weiss-Aug Company Inc. employee group health plan, the benefits under which were administered by Aetna Health, Inc. *Id*. ¶ 9.

25. Plaintiff Singleton received medical coverage for his alleged injuries from the HLM Holdings, Inc. and Hundley CPAS Corporation employee group health plans, the benefits under which were administered by Aetna Health, Inc. *Id*. ¶ 10.

26. ERISA applies broadly to employee benefit plans established or maintained by employers or employee organizations, including insurance plans to provide medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, or death. *See* ERISA §§ 3(1), 4(a), 29 U.S.C. §§ 1002(1), 1003(a); *Pilot Life*, 481 U.S. at 41.

27. Plaintiffs Roche's, Minerly's and Singleton's Plans are "employee welfare benefit plans" within the meaning of ERISA, *see* ERISA § 3(1), 29 U.S.C. § 1002(1), and Roche, Minerly and Singleton qualify as "participants" of their respective Plans under ERISA, *see* ERISA §§ 3(7), 502(a), 29 U.S.C. §§ 1002(7), 1132(a).

28. A federal court has original jurisdiction where Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). A plaintiff may not avoid removal "by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 22, (1983).

29. "Certain federal laws, . . . including ERISA, so sweepingly occupy a field of regulatory interest that any claim brought within that field, however stated in the complaint, is in essence a federal claim. In such cases, the doctrine of complete preemption provides federal jurisdiction and allows removal to federal court." *Levine*, 402 F.3d at 162 (citation omitted).

30. "Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Davila*, 542 U.S. at 208 (quoting 29 U.S.C. § 1001(b); alteration in original).

31. ERISA's "comprehensive legislative scheme" and "integrated enforcement mechanism, in ERISA § 502(a), 29 U.S.C. 1132(a), is a distinctive feature of ERISA, essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans." *Davila*, 541 U.S. at 208.

32. Congress' intent in crafting ERISA's comprehensive framework for providing rights, remedies and access to federal courts "would make little sense if the remedies available to ERISA participants and beneficiaries under § 502(a) could be supplemented or supplanted by varying state laws." *Pilot Life*, 481 U.S. at 56.

33. Thus, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209.

34. Plaintiffs' state law claims, which seek to nullify Defendants' rights to assert claims for subrogation or reimbursement to recover for medical benefits paid under Plaintiffs' ERISA Plans, are claims to determine benefits under ERISA § 502(a)(1)(B). Plaintiffs seek to use New Jersey's collateral source statutes to invalidate the reimbursement and subrogation provisions of their ERISA plans and retain the full amount of the medical benefits provided to them, irrespective of whether they obtain or have obtained tort recoveries for the accidents that required Defendants to pay such medical benefits.

35. In *Levine*, plaintiff insureds paid the defendant insurers certain amounts received from third party recoveries to satisfy the insurers' claims for reimbursement. *Levine*, 402 F.3d at 159-60. The plaintiffs then commenced unjust enrichment claims in a series of state court lawsuits, including *Carducci v. Aetna U.S. Healthcare*, 204 F. Supp. 2d 796 (D.N.J. 2002), alleging that the insurers violated New Jersey's collateral source statutes. *Levine*, 402 F.3d at 160. The insurers, after consolidating *Carducci* and the other actions, removed them to federal court. *Id*.

36. The *Levine/Carducci* insureds moved to remand the actions to state court. The question before the district court was "whether the monies plaintiffs now seek, that is the monies paid back to the defendants from plaintiffs' tort recoveries pursuant to the subrogation provisions in their ERISA plans, are 'benefits due' under those plans, within the meaning of [ERISA] Section (a)(l)(B) [29 U.S.C. § 1132(a)( l)(B)]." *Carducci*, 204 F. Supp. 2d at 797. The district court denied remand and found removal was proper: "Because this Court finds that plaintiffs'

claims seek to recoup a benefit due under the plan (that is the entire benefit amount paid as opposed to the benefit minus the subrogation loan), the Court holds that plaintiffs' claims are completely preempted under Section 502(a)(1)(B), and that removal was proper." *Id*. at 803-04.

37. The Third Circuit affirmed the district court's decision, concluding that "[w]here, as here, plaintiffs claim that their ERISA plan wrongfully sought reimbursement of previously paid health benefits, the claim is for 'benefits due' and federal jurisdiction under section 502(a) of ERISA is appropriate." *Levine*, 402 F.3d at 163.

38. While the Complaint characterizes Plaintiffs' health benefits plans as "non-ERISA pre-empted health insurance policies" or "non-ERISA pre-empted health insurance plans," *Compl.* ¶¶ 5, 18, 26, these are not factual allegations, rather they are incorrect legal conclusions that Plaintiffs' state law claims for benefits under their Plans are not preempted by ERISA.

39. Plaintiffs' claims asserted in the present Action are indistinguishable from those asserted in *Levine* and are properly removed to this Court.

### B. The Action is a Removable Class Action Pursuant to the Class Action Fairness Act[2]

40. The Judiciary Code, at 28 U.S.C. § 1453(b) provides:

> **(b) In general.**—A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

41. CAFA, at 28 U.S.C. § 1332(d)(l)(B), in turn, provides: "[T]he term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state

---

[2] Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C. ("CAFA")).

statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

42. The Action is a civil action filed as a class action under Rule 4:32 of the Rules Governing the Courts of the State of New Jersey, a rule of judicial procedure that authorizes an action to be brought by one or more representative persons as a class action. *Compl.* ¶ 25.

43. CAFA applies to class actions with more than 100 proposed class members, minimal diversity between the parties, and at least $5 million in controversy. *See* 28 U.S.C. §§ 1332(d)(2), (d)(2)(A) and (d)(5)(B).

44. The proposed class consists of more than 100 members. The Complaint pleads that "the class is so numerous as to render joinder of all members impracticable as Aetna is one of the largest health insurers in the U.S. with over 100,000 members in the State of New Jersey alone." *Compl.* ¶ 27.

45. Minimal diversity exists between the parties. While the complaint does not plead any Plaintiff's citizenship, Plaintiff Roche is alleged to be a New Jersey resident, *Compl.* ¶ 2, and Plaintiffs Minerly and Singleton are believed to be citizens of Pennsylvania, based upon last known residence records, *see* Exhibit C, *Goodrich Decl.* ¶¶ 11-12. Aetna Inc. is a Pennsylvania corporation with its principal place of business in Hartford, Connecticut. *Id.* ¶ 2. Aetna Life Insurance Company is a Connecticut corporation with its principal place of business in Hartford Connecticut. *Id.* ¶ 5. As such, at least one of the Aetna defendants is diverse from each Plaintiff.

46. Additionally, the pleaded class, defined as persons insured under plans "issued by Aetna in and subject to the laws of New Jersey," *Compl.* ¶ 26, and whose claims are pleaded under New Jersey law, presumptively includes some citizens of New Jersey, a state in which

Aetna Inc. and Aetna Life Insurance Company are not citizens. *See* Exhibit C, *Goodrich Decl.* ¶ 2.

47. The proposed class as defined would include not only New Jersey citizens, but also individuals who are citizens of the contiguous States of New York, Pennsylvania, Delaware (notably, the Plaintiffs' claims all arise from motor vehicle accidents, highlighting the interstate transitory nature of the claimants) and elsewhere, but who receive their health insurance benefits under plans offered by New Jersey employers, including out-of-state retirees, and young adult and student dependents of employees of New Jersey-based companies.

48. The Complaint does not limit the class by any start date or end date, factors which greatly expand the membership and damages sought by the putative class. *See Compl.* ¶ 26.

49. The amount in controversy exceeds $5 million, exclusive of interest and costs. Plaintiffs seek to represent all persons with health insurance plans insured by Aetna "in and subject to the laws of New Jersey" against whom Aetna has "asserted liens, subrogation demands and/or demands for repayment from their personal injury recoveries." *Id.* ¶ 26. Aetna has provided health benefits to millions of persons with New Jersey-sited plans." Exhibit C, *Goodrich Decl.* ¶ 6. Aetna has asserted liens, subrogation demands and/or demands for reimbursement in thousands of instances, frequently for large amounts of benefits it paid on plan members' behalf. *Id.* ¶ 7.

50. Defendant Rawlings alone has asserted subrogation and reimbursement claims totaling more than $5 million with respect to New Jersey insureds covered by Aetna. *See* Exhibit D, March 5, 2013 Declaration of Kathleen M. Barrens ¶ 3.

51. In addition to the money damages sought from Defendants, Plaintiffs also seek declaratory relief against pending and future subrogation or reimbursement efforts by

Defendants. The requested relief therefore extends forever into the future and encompasses claims of an unlimited number of people covered previously, now or in the future by plans issued "in and subject to the laws of New Jersey" for unlimited amounts. The Complaint further demands treble damages, punitive damages and attorneys' fees. *Compl.*, Prayer for Relief at p. 32.

52. The value of all such relief demanded can reasonably be expected to exceed $5 million, exclusive of interest and costs. *See Samuel Bassett v. Kim Motors Am. Inc.*, 357 F.3d 396-97 (3d Cir. 2004).

53. No exception to CAFA removal is applicable.

### III. Procedural Compliance With Removal Requirements

54. Defendants have filed this Notice of Removal within 30 days of February 11, 2013, which is the first date any Defendant received notice via purported service of the initial pleading setting forth the claims for relief upon which the Action is based.

55. This Notice of Removal is, therefore, timely filed. 28 U.S.C. § 1446(b).

56. Venue is proper in United States District Court for the District of New Jersey under 28 U.S.C. § 1441(a), because this District includes the Atlantic County Superior Court, where this Action has been brought.

57. Immediately upon the filing of this Notice of Removal, Defendants will give written notice to Plaintiffs' attorneys of the removal of this case and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Atlantic County, pursuant to 28 U.S.C. § 1446(d). *See* Exhibit G.

58. Defendants have served by mail a copy of this Notice on Plaintiffs' counsel. *See* Exhibit H.

59.     This Notice has been signed by counsel for all Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure.

60.     Undersigned counsel represents all Defendants, all of which authorize, consent to, and join in, this Notice of Removal.

61.     Pursuant to Local Rule 5.1, attached as Exhibit E is a Civil Cover Sheet.

62.     Attached as Exhibit F are Defendants' Rule 7.1 Disclosure Statements.

## CONCLUSION

**WHEREFORE**, Defendants file this notice to remove the action, now pending in the Superior Court of New Jersey, Law Division, Atlantic County, Case No. L-438-13, from that court to this Court, and request that this action proceed in this Court as an action properly removed to it.

Dated: March 7, 2013
       White Plains, New York

LOWEY DANNENBERG COHEN & HART, P.C.

By    /s/ Peter D. St. Phillip, Jr.
        Peter D. St. Phillip, Jr.
One North Broadway, Suite 509
White Plains, NY 10601-2310
Telephone: (914) 997-0500
Facsimile: (914) 997-0035

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

      I, Peter D. St. Phillip, Jr., hereby certify that on March 7, 2013, the foregoing document was served by Federal Express overnight mail upon:

>Charles A. Ercole, Esq.
>Carianne P. Torissi, Esq.
>Klehr Harrison Harvey Branzburg LLP
>457 Haddonfeld Road, Suite 510
>Cherry Hill, NJ 08002-2220
>Tel: (856) 486-7900
>
>Charles Kannebecker, Esq.
>399 Clove Road
>P.O. box 1848
>Montague, NJ 07827
>Tel.: (570) 296-6471

Dated: March 7, 2013

                                        /s/ Peter D. St. Phillip, Jr.
                                        Peter D. St. Phillip Jr.