# EXHIBIT A

Klehr Harrison Harvey Branzburg LLP
By: Charles A. Ercole
By: Carianne P. Torrissi
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002-2220
Phone: (856) 486-7900

*Attorneys for Plaintiffs*

---

| | |
|---|---|
| MICHELLE ROCHE, JAY MINERLY and TIM SINGLETON, Individually and as Class Representatives, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION |
| Plaintiffs, | : ATLANTIC COUNTY |
| vs. | : Docket No.: L-438-13 |
| AETNA, INC., AETNA HEALTH, INC., (a NJ corp.), AETNA HEALTH INSURANCE CO., AETNA LIFE INSURANCE CO., and THE RAWLINGS COMPANY, LLC, | : |
| | : *Civil Action* |
| | : **SUMMONS** |
| Defendants. | : |

---

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live of the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/
_____
Clerk of the Superior Court

DATED: 2-4-13

Name of Defendant to Be Served: ___ Aetna Health Insurance Company

Address of Defendant to Be Served: ___ 980 Jolly Road, Blue Bell, PA 19422

PHIL1 2576033v.1

ATLANTIC COUNTY COURT HOUSE
SUPERIOR COURT LAW DIV
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401

COURT TELEPHONE NO. (609) 345-6700          TRACK ASSIGNMENT NOTICE
COURT HOURS

                    DATE:   JANUARY 29, 2013
                    RE:     ROACHE MICHELLE ETAL VS AETNA ETAL
                    DOCKET: ATL L -000438 13

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

THE MANAGING JUDGE ASSIGNED IS:  HON JAMES E. ISMAN

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    003
AT:  (609) 594-3363.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

               ATTENTION:
                          ATT: CHARLES ERCOLE
                          KLEHR HARRISON HARVEY BRANZGUR
                          457 HADDONFIELD RD
                          STE 510
                          CHERRY HILL      NJ 08002

JUDHERN

**Appendix XII-B1**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Charles A. Ercole | (856) 486-7900 | Atlantic |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Klehr Harrison Harvey Branzburg LLP | L-438-13 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 457 Haddonfield Road, Suite 510 Cherry Hill, NJ 08002 | Complaint |
| | JURY DEMAND ☒ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Michelle Roche, Jay Minerly and Tim Singleton (Individually and as Class Representatives, Plaintiffs | Michelle Roche, Jay Minerly, and Tim Singleton, Individually and as Class Representatives v. Aetna, Inc., Aetna Health, Inc. (a NJ corp.), Aetna Health Ins. Co., Aetna Life Ins. Co. and The Rawlings Co., LLC |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|
| 514 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ YES ☐ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☒ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS Insured/Insurer |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☒ YES ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ Yes ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

**Track III - 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 285  STRYKER TRIDENT HIP IMPLANTS
- 288  PRUDENTIAL TORT LITIGATION
- 289  REGLAN
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD
- 293  DEPUY ASR HIP IMPLANT LITIGATION
- 295  ALLODERM REGENERATIVE TISSUE MATRIX
- 623  PROPECIA

**Mass Tort (Track IV)**
- 266  HORMONE REPLACEMENT THERAPY (HRT)
- 271  ACCUTANE/ISOTRETINOIN
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 278  ZOMETA/AREDIA
- 279  GADOLINIUM
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 284  NUVARING
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 601  ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**   ☒ Putative Class Action   ☐ Title 59

Klehr Harrison Harvey Branzburg LLP
By: Charles A. Ercole
By: Carianne P. Torrissi
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002-2220
Phone: (856) 486-7900

Charles Kannebecker
399 Clove Road
P.O. Box 1848
Montague, NJ 07827
Phone: (570) 296-6471

*Attorneys for Plaintiffs*

| | |
|---|---|
| MICHELLE ROCHE, JAY MINERLY and TIM SINGLETON, Individually and as Class Representatives, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION |
| Plaintiffs, | : ATLANTIC COUNTY |
| vs. | : Docket No.: *L - 438-13* |
| AETNA, INC., AETNA HEALTH, INC., (a NJ corp.), AETNA HEALTH INSURANCE CO., AETNA LIFE INSURANCE CO., and THE RAWLINGS COMPANY, LLC, | : *Civil Action* |
| Defendants. | : |

---

## CLASS ACTION COMPLAINT

Plaintiffs, Michelle Roche, Jay Minerly and Tim Singleton, individually and as class representatives for all similarly situated individuals who are covered by non-ERISA pre-empted health insurance policies and have had liens, subrogation and/or repayment demands asserted by Defendants, Aetna, Inc., Aetna Health, Inc. (a NJ corp.), Aetna Health Insurance Co., Aetna Life Insurance Co. (collectively "Aetna") and The Rawlings Company LLC ("Rawlings"), (hereinafter collectively referred to as "Defendants"), as against their personal injury recoveries, by and through their undersigned counsel, bring this Complaint and alleges as follows:

## INTRODUCTION

1.     Plaintiffs, and all other similarly situated members of the class they seek to represent, were covered by non-ERISA pre-empted health insurance plans issued by Aetna and sustained personal injuries for which they sought recovery and have had liens, subrogation demands and/or repayment demands asserted against them by the Defendants. The Defendants violated New Jersey's anti-subrogation laws (N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10) by asserting liens, subrogation demands and/or demands for repayment from Plaintiffs' personal injury recoveries. As a consequence, the Plaintiffs, and other members of the class they seek to represent, are entitled to recover from the Defendants their actual damages, treble damages, punitive damages, attorney fees, interest, costs and other equitable relief.

## PARTIES

2.     Plaintiff, Michelle Roche, is an adult individual residing in Passaic County, New Jersey.

3.     Plaintiff, Jay Minerly, is an adult individual, sui juris, who was injured in a motor vehicle accident in Morris County, New Jersey.

4.     Plaintiff, Tim Singleton, is an adult, sui juris, who was insured under a policy of health insurance issued in and subject to the laws of New Jersey.

5.     Plaintiffs, and other similarly situated members of the proposed class they seek to represent, were covered by non-ERISA pre-empted health insurance plans issued by Aetna in and subject to the laws of New Jersey and sustained personal injuries for which they sought recovery and have had liens, subrogation demands and/or repayment demands asserted against them by the Defendants.

PHIL1 2595031v.1

2

6.   Plaintiffs bring this action on their own behalf and, pursuant Rule 4:32, on behalf of all other persons similarly situated.

7.   Aetna, Inc. is a Corporation duly authorized and licensed to issue insurance policies and conduct business in the State of New Jersey, and in fact conducts business in Atlantic County and throughout all of New Jersey.

8.   Aetna Health, Inc. is a New Jersey corporation duly authorized and licensed to issue insurance policies and conduct business in the State of New Jersey, and in fact, conducts business in Atlantic County and throughout all of New Jersey.

9.   Aetna Health Insurance Company is a corporation duly authorized and licensed to issue insurance policies and conduct business in the State of New Jersey, and in fact conducts business in Atlantic County and throughout all of New Jersey.

10.   Aetna Life Insurance Company is a corporation duly authorized and licensed to issue insurance policies and conduct business in the State of New Jersey, and in fact conducts business in Atlantic County and throughout all of New Jersey.

11.   Rawlings is a limited liability company duly authorized to conduct business in the State of New Jersey, and in fact, conducts business in Atlantic County and throughout all of New Jersey.

## FACTUAL ALLEGATIONS

12.   Aetna specializes in offering a broad range of health insurance products and related services.

13.   Rawlings specializes in healthcare subrogation services. At all times relevant hereto, Rawlings acted as an agent and servant on behalf of Aetna.

14.     Based on the specialized health insurance services and products they offer in New Jersey, Defendants knew or should have known that health insurance liens, subrogation and reimbursement are prohibited under New Jersey law.

15.     On or about January 19, 2007, plaintiff Michelle Roche was involved in a motor vehicle accident wherein she sustained serious injuries and received benefits under a health insurance policy issued in and subject to the laws of New Jersey.

16.     On or about May 20, 2010, plaintiff Jay Minerly was involved in a motor vehicle accident in Morris County, New Jersey, wherein he sustained serious injuries and received benefits under a health insurance policy issued in and subject to the laws of New Jersey.

17.     On or about December 4, 2006, plaintiff Tim Singleton was involved in a motor vehicle accident in which he sustained serious injuries and received benefits under a health insurance policy issued in and subject to the laws of New Jersey.

18.     As a result of the injuries sustained in the above referenced accidents, Plaintiffs sought and received medical benefits through non-ERISA pre-empted health insurance policies issued to them by Defendant Aetna.

19.     Plaintiffs filed civil lawsuits against the respective tortfeasors involved in each motor vehicle accident, asserting that such tortfeasors caused the motor vehicle accidents and were thus liable to Plaintiffs for their resulting damages.

20.     Rawlings, acting as an agent for Aetna, has asserted, and continues to assert, a lien, subrogation claim and/or demand for reimbursement for the benefits which Aetna paid as against Plaintiffs' personal injury recoveries.

21.     Plaintiffs Michelle Roche and Jay Minerly have made payment to Defendants in response to the Defendant's lien, subrogation and/or repayment demands.

22.    The Defendants actions were part of a purposeful practice and plan to collect money from insureds when such lien, subrogation claim and/or repayment demand was known to be unlawful.

23.    The Defendants' actions were pursuant to a common policy and practice with respect to the Plaintiffs and as to all other class members.

**CLASS ALLEGATIONS**

24.    Plaintiffs, on behalf of themselves and the members of the Class, repeat and re-allege the allegations of the preceding paragraphs as though fully restated herein.

**A.    DEFINITION OF THE CLASS**

25.    Plaintiffs, and the other similarly situated individuals, constitute a class within the meaning of Rule 4:32 of the Rules Governing the Courts of the State of New Jersey.

26.    The Class is defined as all of those individuals who had health insurance coverage through non-ERISA pre-empted plans issued by Aetna in and subject to the laws of New Jersey

    a.    and against whom Aetna directly, or indirectly through its agent, Rawlings, has asserted liens, subrogation demands and/or demands for repayment from their personal injury recoveries.

**B.    NUMEROSITY**

27.    The Class is so numerous as to render joinder of all members impracticable as Aetna is one of the largest health insurers in the U.S., with over 100,000 members in the State of New Jersey alone. The identities of a majority of the Class members are presently unknown but are ascertainable through appropriate discovery.

**C.    EXISTENCE AND PREDOMINANCE OF COMMON ISSUES**

28.    Common questions of law and fact are applicable to all members of the Class.

29.   The common questions of law and fact arise from and concern the following facts and actions:

    a.   all Class members are covered by non-ERISA pre-empted health insurance plans issued by Aetna under and subject to the laws of the State of New Jersey;

    b.   all Class members received health benefits from Aetna as a result of personal injuries they sustained; and

    c.   the Defendants asserted liens, subrogation claims and/or reimbursement demands to all of the Class members in violation of New Jersey's anti-subrogation laws.

30.   The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**D.    TYPICALITY**

31.   Plaintiffs' claims are typical of the claims of other members of the Class. All such claims arise out of the Defendants' wrongful assertion of liens, subrogation claims and/or reimbursement demands against the personal injury recoveries of Plaintiffs and the proposed Class members. Plaintiffs and the proposed Class members have suffered a common injury arising out of the Defendants' common course of conduct as alleged herein.

**E.    ADEQUATE REPRESENTATION**

32.   Plaintiffs will fairly and adequately protect and represent the interests of the Class and have no interest antagonistic to, or in conflict with, those of other Class members.

33.   Plaintiffs have the time and resources to prosecute this action and have retained qualified counsel who have had extensive experience in matters involving the rights of insureds

and federal court litigation. Plaintiffs intend to prosecute this action vigorously for the benefit of the Class.

**F.     SUPERIORITY**

34.    A class action is superior to other available methods for a fair and efficient adjudication of this controversy because individual joinder of all members of the Class is impractical. Furthermore, damages suffered by members of the Class may be relatively small when compared to the expense and burden of individual litigation, which would make it difficult or impossible for individual members of the Class to obtain relief. The interests of judicial economy favor adjudicating the claims of the Class on a classwide basis rather than an individual basis.

**G.     RISKS OF INCONSISTENT OR VARYING ADJUDICATION**

35.    Class treatment is proper in this proceeding in order to avoid inconsistent or varying adjudications with respect to individual Class members. Separate actions by individual members of the Class would create a risk that adjudication of disputed issues of law or fact as to some of the former non-bargaining unit employees would be binding upon other Class members not party to the adjudication, or would otherwise substantially impair or impede their ability to protect their interests.

36.    Pursuant to R 4:32, the Class meets all the requirements for class certification.

**COUNT I**

**Named Plaintiffs v. Aetna**

**Violation of N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10**

37.    Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

38.     Rawlings, acting as an agent for Aetna, has asserted, and continues to assert, a lien, subrogation claim and/or demand for repayment for the benefits which Aetna paid as against Plaintiffs' personal injury recoveries.

39.     In asserting such liens, subrogation claim and/or demand for repayment, Rawlings acted at the direction and behest, and with the permission and consent, of Aetna.

40.     In asserting such liens, subrogation claim and/or demand for repayment, Rawlings acted within the course and scope of its retention by, and agency of, Aetna.

41.     Pursuant to N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10, health insurers are prohibited from asserting lien, subrogation and/or reimbursement claims.

42.     Defendants' assertion of liens, subrogation claims and/or demands for repayment as against Plaintiffs' personal injury recoveries is a violation of N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10.

43.     As a result of Defendants' violation of N.J.S.A. 2A:15-97, Plaintiffs are entitled to declaratory, injunctive and monetary relief.

## COUNT II

### Named Plaintiffs v. Aetna

### Breach of Contract

44.     Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

45.     N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10 were in full force and effect at the time of issue or renewal of the health insurance policies issued by Aetna to Plaintiffs and, as such, the policies were amended by operation of law to conform with said statute and code.

46.     Pursuant to N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10, health insurers are prohibited from including subrogation, liens and/or reimbursement provisions in their policies.

47.     Defendants' assertion of liens, subrogation claims and/or repayment demands as against Plaintiffs' personal injury recoveries is a breach of the insurance policy contracts Aetna entered into with Plaintiffs.

48.     As a result of Aetna's breach of its contracts, Plaintiffs are entitled to declaratory, injunctive and monetary relief.

<u>COUNT III</u>

Named Plaintiffs v. Aetna

Breach of Duty of Good Faith and Fair Dealing

49.     Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

50.     At all times relevant hereto, Aetna was an insurer of Plaintiffs and, accordingly, owed a special duty of good faith and fair dealing to Plaintiffs as its insureds.

51.     At all times relevant hereto, Aetna knew, or should have known, that New Jersey law prohibits liens, subrogation claims and reimbursement demands by health insurers.

52.     Aetna's wrongful assertion of liens, subrogation claims and/or repayment demands as against Plaintiffs' personal injury recoveries was a breach of Aetna's duty of good faith and fair dealing.

53.     Plaintiffs have suffered damages as a result of Aetna's breach of Aetna's duty of good faith and fair dealing.

54.     As a result of Aetna's breach of its duty of good faith and fair dealing, Plaintiffs are entitled to declaratory, injunctive and monetary relief.

## COUNT IV

### Named Plaintiffs v. Aetna

### Violation of New Jersey Consumer Fraud Act

55.    Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

56.    The New Jersey Consumer Fraud Act (""CFA""), N.J.S.A. 56:8-19, prohibits deceptive, fraudulent and unconscionable practices and dealings in the marketing or sale of merchandise including insurance policies.

57.    At the time of the issue or renewal of Plaintiffs' health insurance policies, Aetna knew, or should have known, that the inclusion of any policy provision allowing subrogation or reimbursement was a violation of New Jersey law.

58.    Aetna's inclusion of lien, subrogation and/or reimbursement provisions in its health insurance policies covering Plaintiffs was a violation of the CFA.

59.    As a result of Aetna's violation of the CFA, Plaintiffs are entitled to declaratory, injunctive and monetary relief, including treble damages.

## COUNT V

### Named Plaintiffs v. Aetna

### Violation of Fiduciary Duty

### Restatement (Second) of Torts § 874

60.    Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

61.    At all times relevant hereto, Aetna was an insurer of Plaintiffs and, accordingly, had a fiduciary duty to Plaintiffs as its insureds.

62.     Pursuant to Section 874(a) of the Restatement (Second) of Torts, a beneficiary in a fiduciary relationship is entitled to tort damages for harm caused by the fiduciary's breach of a duty arising out of that relationship.

63.     Aetna's inclusion of lien, subrogation and/or reimbursement provisions in its health insurance policies covering Plaintiffs, and its assertion of liens, subrogation and/or repayment demands as against Plaintiffs' personal injury recoveries, was a violation of its fiduciary duty to Plaintiffs.

64.     As a result of Aetna's violation of its fiduciary duty, Plaintiffs are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT VI

### Named Plaintiffs v. Aetna

### Directing or Permitting Conduct of Another

### Restatement (Second) of Torts § 877

65.     Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

66.     Pursuant to Section 877 of the Restatement (Second) of Torts, a person is subject to liability if he orders or induces the tortious conduct of another, if he knows or should know of circumstances that would make the conduct tortious if it were his own.

67.     At all times relevant hereto, Aetna knew, or should have known, that New Jersey law prohibits liens, subrogation claims and reimbursement demands by health insurers.

68.     Despite such knowledge, Aetna retained, hired, authorized, induced and allowed Rawlings to assert liens, subrogation claims and/or repayment demands on behalf of Aetna, as against Plaintiffs' personal injury recoveries.

69.     As a result of Aetna's conduct, Plaintiffs are entitled to declaratory, injunctive and monetary relief, including punitive damages.

<u>COUNT VII</u>

**Named Plaintiffs v. Aetna**

**Bad Faith**

70.     Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

71.     Aetna has asserted and continues to assert liens, subrogation claims and/or demands for reimbursement for benefits which it paid, as against Plaintiffs' personal injury recoveries.

72.     Aetna's assertion of liens, demands for subrogation and/or reimbursement as against Plaintiffs' personal injury recoveries is in violation of New Jersey's Anti-Subrogation law.

73.     Aetna knew, or should have known, that its assertion of such liens and/or demands for subrogation and/or reimbursement were unlawful.

74.     Aetna purposefully chose to make such assertion of liens, demands for subrogation and/or reimbursement despite its knowledge that such conduct was unlawful.

75.     Aetna engaged in a course of conduct to misrepresent policy benefits and to misrepresent material facts or policy provisions.

76.     Aetna engaged in a course of conduct in which it failed to disclose pertinent benefits, coverages, terms or other conditions or provisions of its insurance policies.

77.     Aetna purposefully obtained and/or attempted to obtain Plaintiffs' property through deception.

78.     Aetna's conduct was purposefully and specifically designed to obtain monies from its insureds for its own financial benefit and profit.

79.     As a result of Aetna's conduct, Plaintiffs are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT VIII

### Named Plaintiffs v. Aetna

### Acting in Concert - Restatement (Second) of Torts § 876

80.     Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

81.     Pursuant to Section 876 of the Restatement (Second) of Torts, a party is subject to liability if it does a tortious act in concert with, or pursuant to a common design with, another, or if it knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other.

82.     At all times relevant hereto, Aetna knew, or should have known, that Aetna's inclusion of subrogation or reimbursement provisions in its health insurance policies covering Plaintiffs, and its assertion of liens, subrogation demands and/or repayment demands as against Plaintiffs' personal injury recoveries, was in violation of New Jersey law.

83.     In asserting liens, subrogation demands and/or demands for repayment as against Plaintiffs' personal injury recoveries, Aetna acted in concert with, and pursuant to a common design with, Rawlings.

84.     Pursuant to Section 876 of the Restatement (Second) of Torts, Aetna is liable to Plaintiffs for its assertion of liens, subrogation demands and/or demands for repayment as against their personal injury recoveries.

85.   As a result of Aetna's conduct, Plaintiffs are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT IX

### Plaintiffs Michelle Roche and Jay Minerly v. Aetna

### Intentional Misrepresentation

86.   Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

87.   Aetna represented to Plaintiffs that it was entitled to a lien, subrogation and/or reimbursement from Plaintiffs' personal injury recoveries.

88.   At all times relevant hereto, Aetna knew, or should have known, that New Jersey law prohibits liens, subrogation claims and/or reimbursement demands by health insurers.

89.   Aetna's wrongful assertion of liens, subrogation claims and/or repayment demands as against Plaintiffs' personal injury recoveries was an intentional misrepresentation of fact.

90.   Plaintiffs relied to their detriment on Aetna's intentional misrepresentation of fact contained in its lien notices and subrogation and repayment demands.

91.   As a result of Aetna's intentional misrepresentation of fact, Plaintiffs are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT X

### Plaintiffs Michelle Roche and Jay Minerly v. Aetna

### Conversion

92.   Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

93.    Plaintiffs possessed property in the form of compensation received for injuries suffered.

94.    Plaintiffs had a right to immediate possession and use of the compensation they received for such injuries.

95.    Aetna's wrongful assertion of liens, subrogation claims and/or repayment demands as against Plaintiffs' personal injury recoveries was an unlawful interference with Plaintiffs' right to immediate possession and use of the compensation received.

96.    As a result of Aetna's unlawful interference with Plaintiffs' compensation, Plaintiffs are entitled to declaratory, injunctive and monetary relief.

## COUNT XI

### Plaintiffs Michelle Roche and Jay Minerly v. Aetna

### Violation of N.J.S.A. 2C:20-4 (Theft by Deception)

97.    Plaintiffs Michelle Roche and Jay Minerly, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

98.    Aetna purposefully obtained property of Plaintiffs through deception.

99.    Aetna created or reinforced a false impression.

100.    Aetna failed to correct a false impression which it previously created or reinforced, or which it knew to be influencing Plaintiffs to whom it stood in a fiduciary or confidential relationship.

101.    As a result of Aetna's conduct, Plaintiffs are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT XII

### Plaintiffs Michelle Roche and Jay Minerly v. Aetna

### Unjust Enrichment

102.    Plaintiffs Michelle Roche and Jay Minerly, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

103.    As a result of the wrongful collection of monies by Defendants, Aetna has benefitted at the expense of Plaintiffs Michelle Roche and Jay Minerly, as well as other persons similarly situated.

104.    As a result of the wrongful collection of monies by Defendants, Aetna has been enriched at the expense of Plaintiffs Michelle Roche and Jay Minerly, as well as other persons similarly situated.

105.    As a result of the wrongful collection of monies by Defendants, Aetna's enrichment at the expense of Plaintiffs Michelle Roche and Jay Minerly, and other persons similarly situated, was unjust.

106.    As a result of Aetna's unjust enrichment, Plaintiffs are entitled to declaratory, injunctive and monetary relief.

## COUNT XIII

### Plaintiff Tim Singleton v. Aetna

### Violation of N.J.S.A. 2C 20-4 (Attempted Theft by Deception)

107.    Plaintiff Tim Singleton on behalf of himself and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

108.    Aetna attempted to purposefully obtain property of Plaintiffs through deception.

PHIL1 2595031v.1                                    16

109.   Aetna created or reinforced a false impression.

110.   Aetna failed to correct a false impression which it previously created or reinforced, or which it knew to be influencing Plaintiffs to whom it stood in a fiduciary or confidential relationship.

111.   As a result of Aetna's conduct, Plaintiffs are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT XIV

### Named Plaintiffs v. Rawlings

### Violation of N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10

112.   Rawlings, acting as an agent for Aetna, has asserted, and continues to assert, a lien, subrogation claim and/or demand for repayment for the benefits which Aetna paid as against Plaintiffs' personal injury recoveries.

113.   In asserting such liens, subrogation claim and/or demand for repayment, Rawlings acted at the direction and behest, and with the permission and consent, of Aetna.

114.   In asserting such liens, subrogation claim and/or demand for repayment, Rawlings acted within the course and scope of its retention by, and agency of, Aetna.

115.   Pursuant to N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10, health insurers are prohibited from asserting lien, subrogation and/or reimbursement claims.

116.   Defendants' assertion of liens, subrogation claims and/or demands for repayment as against Plaintiffs' personal injury recoveries is a violation of N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10.

117.   As a result of Defendants' violation of N.J.S.A. 2A:15-97, Plaintiffs are entitled to declaratory, injunctive and monetary relief.

## COUNT XV

### Named Plaintiffs v. Rawlings

### Acting in Concert - Restatement (Second) of Torts § 876

118.    Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

119.    Pursuant to Section 876 of the Restatement (Second) of Torts, a party is subject to liability if it does a tortious act in concert with, or pursuant to a common design with, another, or if it knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other.

120.    At all times relevant hereto, Rawlings knew, or should have known, that Aetna's inclusion of subrogation or reimbursement provisions in its health insurance policies covering Plaintiffs, and its assertion of liens, subrogation demands and/or repayment demands as against Plaintiffs' personal injury recoveries, was in violation of New Jersey law.

121.    In asserting liens, subrogation demands and/or demands for repayment as against Plaintiffs' personal injury recoveries, Rawlings acted in concert with, and pursuant to a common design with, Aetna.

122.    Pursuant to Section 876 of the Restatement (Second) of Torts, Rawlings is liable to Plaintiffs for its assertion of liens, subrogation demands and/or demands for repayment as against their personal injury recoveries.

123.    As a result of Rawlings conduct, Plaintiffs are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT XVI

### Plaintiffs Michelle Roche and Jay Minerly v. Rawlings

### Unjust Enrichment

124.   Plaintiffs Michelle Roche and Jay Minerly, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

125.   As a result of the wrongful collection of monies by Defendants, Rawlings has benefitted at the expense of Plaintiffs Michelle Roche and Jay Minerly, as well as other persons similarly situated.

126.   As a result of the wrongful collection of monies by Defendants, Rawlings has been enriched at the expense of Plaintiffs Michelle Roche and Jay Minerly, as well as other persons similarly situated.

127.   As a result of the wrongful collection of monies by Defendants, Rawlings' enrichment at the expense of Plaintiffs Michelle Roche and Jay Minerly, and other persons similarly situated, was unjust.

128.   As a result of Rawlings' unjust enrichment, Plaintiffs are entitled to declaratory, injunctive and monetary relief.

## COUNT XVII

### Plaintiffs Michelle Roche and Jay Minerly v. Rawlings

### Intentional Misrepresentation

129.   Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

130.    Rawlings represented to Plaintiffs that the Plaintiffs were subject to a lien, subrogation and/or reimbursement from Plaintiffs' personal injury recoveries.

131.    At all times relevant hereto, Rawlings knew, or should have known, that New Jersey law prohibits liens, subrogation claims and/or reimbursement demands by health insurers.

132.    Rawlings' wrongful assertion of liens, subrogation claims and/or repayment demands as against Plaintiffs' personal injury recoveries was an intentional misrepresentation of fact.

133.    Plaintiffs relied to their detriment on Rawlings' intentional misrepresentation of fact contained in its lien notices and subrogation and repayment demands.

134.    As a result of Rawlings' intentional misrepresentation of fact, Plaintiffs are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT XVIII

### Plaintiffs Michelle Roche and Jay Minerly v. Rawlings

### Conversion

135.    Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

136.    Plaintiffs possessed property in the form of compensation received for injuries suffered.

137.    Plaintiffs had a right to immediate possession and use of the compensation they received for such injuries.

138.    Rawlings' wrongful assertion of liens, subrogation claims and/or repayment demands as against Plaintiffs' personal injury recoveries was an unlawful interference with Plaintiffs' right to immediate possession and use of the compensation received.

139.    As a result of Rawlings' unlawful interference with Plaintiffs' compensation, Plaintiffs are entitled to declaratory, injunctive and monetary relief.

## COUNT XIX

### Plaintiffs Michelle Roche and Jay Minerly v. Rawlings

### Violation of N.J.S.A. 2C:20-4 (Theft by Deception)

140.    Plaintiffs Michelle Roche and Jay Minerly, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

141.    Rawlings purposefully obtained property of Plaintiffs through deception.

142.    Rawlings created or reinforced a false impression.

143.    As a result of Rawlings' conduct, Plaintiffs are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT XX

### Plaintiff Tim Singleton v. Rawlings

### Violation of N.J.S.A. 2C 20-4 (Attempted Theft by Deception)

144.    Plaintiff Tim Singleton on behalf of himself and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

145.    Rawlings attempted to purposefully obtain property of Plaintiffs through deception.

146.    Rawlings created or reinforced a false impression.

147.    As a result of Rawlings' conduct, Plaintiffs are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT XXI

### Other Similarly Situated Individuals v. Aetna and Rawlings

### Violation of N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10

148.   Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

149.   Defendants, acting pursuant to a common policy and practice, have wrongfully asserted liens, subrogation claims and/or demands for repayment as against personal injury recoveries of other similarly situated individuals who received medical benefits through non-ERISA pre-empted health insurance policies issued by Aetna.

150.   Pursuant to R. 4:32, Plaintiffs assert the claims raised in this proceeding on behalf of each of the Other Similarly Situated Individuals, for them or their benefit.

151.   Each of the Other Similarly Situated Individuals is similarly situated to the named Plaintiffs in respect to their rights under N.J.S.A. 2A:15-97.

152.   Defendants' assertion of liens, subrogation claims and/or demands for repayment as against the Other Similarly Situated Individuals' personal injury recoveries is a violation of N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10.

153.   As a result of Defendants' violation of N.J.S.A. 2A:15-97, the Other Similarly Situated Individuals are entitled to declaratory, injunctive and monetary relief.

## COUNT XXII

### Other Similarly Situated Individuals v. Aetna

### Breach of Contract

154.   Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

155.   N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10 were in full force and effect at the time of issue or renewal of the health insurance policies issued by Aetna to all Other Similarly Situated Individuals and, as such, the policies were amended by operation of law to conform with said statute and code.

156.   Pursuant to N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10, health insurers are prohibited from including lien, subrogation and/or reimbursement provisions in their policies.

157.   Defendants' assertion of liens, subrogation claims and/or repayment demands as against all Other Similarly Situated Individuals' personal injury recoveries is a breach of the insurance policy contracts Aetna entered into with Plaintiffs and the Other Similarly Situated Individuals.

158.   As a result of Aetna's breach of its respective contracts, all Other Similarly Situated Individuals are entitled to declaratory, injunctive and monetary relief.

### COUNT XXIII

**Other Similarly Situated Individuals v. Aetna**

**Breach of Duty of Good Faith and Fair Dealing**

159.   Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

160.   At all times relevant hereto, Aetna was insurer of all Other Similarly Situated Individuals and, accordingly, owed a special duty of good faith and fair dealing to such Other Similarly Situated Individuals as its insureds.

161.   At all times relevant hereto, Defendants knew, or should have known, that New Jersey law prohibits liens, subrogation claims and reimbursement demands by health insurers.

162.    Defendants' wrongful assertion of liens, subrogation claims and/or demands for repayment as against the Other Similarly Situated Individuals' personal injury recoveries was a breach of Aetna's duty of good faith and fair dealing.

163.    The Other Similarly Situated Individuals relied to their detriment on Defendants' intentional, misleading assertions contained in its lien notices and subrogation demands.

164.    As a result of Aetna's breach of its duty of good faith and fair dealing, the Other Similarly Situated Individuals are entitled to declaratory, injunctive and monetary relief.

## COUNT XXIV

### Other Similarly Situated Individuals v. Aetna

### Intentional Misrepresentation

165.    Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

166.    Aetna represented to the Other Similarly Situated Individuals that it was entitled to a lien, subrogation or reimbursement from their personal injury recoveries.

167.    At all times relevant hereto, Aetna knew, or should have known, that New Jersey law prohibits liens, subrogation claims and reimbursement demands by health insurers.

168.    Aetna's wrongful assertion of liens, subrogation claims and/or demands for repayment as against the Other Similarly Situated Individuals' personal injury recoveries was an intentional misrepresentation of fact.

169.    The Other Similarly Situated Individuals relied to their detriment on Aetna's intentional misrepresentation of fact contained in its lien notices, subrogation demands and/or repayment demands.

170.    As a result of Aetna's intentional misrepresentation of fact, the Other Similarly Situated Individuals are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT XXV

### Other Similarly Situated Individuals v. Aetna

### Conversion

171.    Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

172.    The Other Similarly Situated Individuals possessed property in the form of compensation received for injuries suffered.

173.    The Other Similarly Situated Individuals had a right to immediate possession and use of the compensation they received for such injuries.

174.    Aetna's wrongful assertion of liens and/or subrogation claims as against the Other Similarly Situated Individuals' personal injury recoveries was an unlawful interference with such individuals' right to immediate possession and use of the compensation received.

175.    As a result of Aetna's unlawful interference with the Other Similarly Situated Individuals' compensation, such individuals are entitled to declaratory, injunctive and monetary relief.

## COUNT XXVI

### Other Similarly Situated Individuals v. Aetna

### Violation of New Jersey Consumer Fraud Act

176.    Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

177.   The New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-19, prohibits deceptive, fraudulent and unconscionable practices and dealings in the marketing or sale of merchandise including insurance policies.

178.   At the time of the issue or renewal of the Other Similarly Situated Individuals' health insurance policies, Aetna knew, or should have known, that the inclusion of any policy provision allowing liens, subrogation or reimbursement was a violation of New Jersey law.

179.   Aetna's inclusion of lien, subrogation and/or reimbursement provisions in its health insurance policies covering the Other Similarly Situated Individuals was a violation of the CFA.

180.   As a result of Aetna's violation of the CFA, the Other Similarly Situated Individuals are entitled to monetary damages, including treble damages.

## COUNT XXVII

### Other Similarly Situated Individuals v. Aetna

### Violation of Fiduciary Duty

### Restatement (Second) of Torts § 874

181.   Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

182.   At all times relevant hereto, Aetna was an insurer of the Other Similarly Situated Individuals and, accordingly, had a fiduciary duty to such Other Similarly Situated Individuals as its insureds.

183.   Pursuant to Section 874(a) of the Restatement (Second) of Torts, a beneficiary in a fiduciary relationship is entitled to tort damages for harm caused by the fiduciary's breach of a duty arising out of that relationship.

184.    Aetna's inclusion of lien, subrogation and/or reimbursement provisions in its health insurance policies covering the Other Similarly Situated Individuals, and its assertion of liens, subrogation and/or repayment demands as against such Other Similarly Situated Individuals' personal injury recoveries, was a violation of its fiduciary duty.

185.    As a result of Aetna's violation of its fiduciary duty, the Other Similarly Situated Individuals are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT XXVIII

### Other Similarly Situated Individuals v. Aetna

### Directing or Permitting Conduct of Another

### Restatement (Second) of Torts § 877

186.    Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

187.    Pursuant to Section 877 of the Restatement (Second) of Torts, a person is subject to liability if he orders or induces the tortious conduct of another, if he knows or should know of circumstances that would make the conduct tortious if it were his own.

188.    At all times relevant hereto, Aetna knew, or should have known, that New Jersey law prohibits liens, subrogation claims and reimbursement demands by health insurers.

189.    Despite such knowledge, Aetna retained, hired, authorized, induced and allowed Rawlings to assert liens, subrogation claims and/or demands for repayment on behalf of Aetna, as against the Other Similarly Situated Individuals' personal injury recoveries.

190.    As a result of Aetna's conduct, the Other Similarly Situated Individuals are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT XXIX

### Other Similarly Situated Individuals v. Aetna

### Bad Faith

191.    Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

192.    Aetna has asserted and continues to assert liens, subrogation claims and/or demands for reimbursement for benefits which it paid, as against the Other Similarly Situated Individuals' personal injury recoveries.

193.    Aetna's assertion of liens, subrogation claims and/or reimbursement as against the Other Similarly Situated Individuals' personal injury recoveries is in violation of New Jersey's Anti-Subrogation law.

194.    Aetna knew, or should have known, that its assertion of such liens, subrogation claims and/or reimbursement were unlawful.

195.    Aetna purposefully chose to make such assertion of liens, subrogation claims and/or repayment demands despite its knowledge that such conduct was unlawful.

196.    Aetna engaged in a course of conduct to misrepresent policy benefits and to misrepresent material facts or policy provisions.

197.    Aetna engaged in a course of conduct in which it failed to disclose pertinent benefits, coverages, terms or other conditions or provisions of its insurance policies.

198.    Aetna purposefully obtained and/or attempted to obtain the Other Similarly Situated Individuals' property through deception.

199.    Aetna's conduct was purposefully and specifically designed to obtain monies from its insureds for its own financial benefit and profit.

200.    As a result of Aetna's conduct, the Other Similarly Situated Individuals are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT XXX

### Other Similarly Situated Individuals v. Rawlings

### Acting in Concert - Restatement (Second) of Torts § 876

201.    Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

202.    Pursuant to Section 876 of the Restatement (Second) of Torts, a party is subject to liability if it does a tortious act in concert with, or pursuant to a common design with, another, or if it knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other.

203.    At all times relevant hereto, Rawlings knew, or should have known, that Aetna's inclusion of lien, subrogation or reimbursement provisions in its health insurance policies covering Other Similarly Situated Individuals, and its assertion of liens, subrogation claims and/or demands for repayment as against such Other Similarly Situated Individuals' personal injury recoveries, was in violation of New Jersey law.

204.    In asserting liens, subrogation claims and/or demands for repayment as against the Other Similarly Situated Individuals' personal injury recoveries, on behalf of Aetna, Rawlings acted in concert with, and pursuant to a common design with, Aetna.

205.    Pursuant to Section 876 of the Restatement (Second) of Torts, Rawlings is liable to the Other Similarly Situated Individuals for its assertion of liens and/or subrogation demands as against their personal injury recoveries.

206.    As a result of Rawlings' conduct, the Other Similarly Situated Individuals are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT XXXI

### Other Similarly Situated Individuals v. Aetna

### Violation of N.J.S.A. 2C:20-4 (Theft by Deception)

207.    Plaintiffs Michelle Roche and Jay Minerly, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

208.    Aetna purposefully obtained property of Other Similarly Situated Individuals through deception.

209.    Aetna created or reinforced a false impression.

210.    Aetna failed to correct a false impression which it previously created or reinforced, or which it knew to be influencing the Other Similarly Situated Individuals to whom it stood in a fiduciary or confidential relationship.

211.    As a result of Aetna's conduct, the Other Similarly Situated Individuals are entitled to declaratory, injunctive and monetary relief, including punitive damages.

## COUNT XXXII

### Other Similarly Situated Individuals v. Aetna

### Unjust Enrichment

212.    Plaintiffs Michelle Roche and Jay Minerly, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

213.   As a result of the wrongful collection of monies by Defendants, Aetna has benefitted at the expense of the Other Similarly Situated Individuals.

214.   As a result of the wrongful collection of monies by Defendants, Aetna has been enriched at the expense of the Other Similarly Situated Individuals.

215.   As a result of the wrongful collection of monies by Defendants, Aetna's enrichment at the expense of the Other Similarly Situated Individuals was unjust.

216.   As a result of Aetna's unjust enrichment, the Other Similarly Situated Individuals are entitled to declaratory, injunctive and monetary relief.

**COUNT XXXIII**

**Other Similarly Situated Individuals v. Aetna**

**Violation of N.J.S.A. 2C 20-4 (Attempted Theft by Deception)**

217.   Plaintiff Tim Singleton, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

218.   Aetna attempted to purposefully obtain property of Other Similarly Situated Individuals through deception.

219.   Aetna created or reinforced a false impression.

220.   Aetna failed to correct a false impression which it previously created or reinforced, or which it knew to be influencing the Other Similarly Situated Individuals to whom it stood in a fiduciary or confidential relationship.

221.   As a result of Aetna's conduct, the Other Similarly Situated Individuals are entitled to declaratory, injunctive and monetary relief, including punitive damages.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A.      Certification that Plaintiffs, Michelle Roche, Jay Minerly and Tim Singleton, together with the Other Similarly Situated Individuals, constitute a single class and that the undersigned counsel be appointed as Class Counsel;

B.      Judgment finding that Defendants' conduct was a violation of New Jersey law and prohibiting any such further conduct;

C.      Award of Damages in favor of each named Plaintiff and each Other Similarly Situated Individual, equal to the sum of the lien, subrogation claim or reimbursement collected by Defendants and any other costs incurred relative to such lien, subrogation claim and/or repayment demand;

D.      Award of Treble Damages in favor of named Plaintiff and each Other Similarly Situated Individual pursuant to the New Jersey Consumer Fraud Act;

E.      Punitive damages under the Counts according the same as authorized and appropriate damages;

F.      All interest as allowed by law on the amounts owed under the preceding paragraphs;

G.      Reasonable attorneys' fees and costs; and

H.      Such other and further relief as this Court may deem just and proper.

## CERTIFICATION PURSUANT TO RULE 4:5 -1

The undersigned hereby certifies that to the best of my knowledge, the above matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding nor at the present time is any other action or arbitration proceeding contemplated.

## JURY DEMAND

PLEASE TAKE NOTICE that the plaintiffs hereby demand a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Charles A. Ercole, Esquire and Charles Kannebecker, Esquire are hereby designated as trial counsel for Plaintiffs.

KLEHR HARRISON HARVEY
BRANZBURG LLP

Dated: January 25, 2013

By: _____
Charles A. Ercole
Carianne P. Torrissi

And

Dated: January 25, 2013

By: _____
Charles Kannebecker

*Attorneys for Plaintiffs*