# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MICHELLE ROCHE, JAY MINERLY and
TIM SINGLETON, Individually and as
Class Representatives,

               Plaintiffs,

          v.

AETNA, INC., AETNA HEALTH, INC.
(a NJ Corp.), AETNA HEALTH
INSURANCE CO., AETNA LIFE
INSURANCE CO., and THE RAWLINGS
COMPANY, LLC,

               Defendants.

No. 1:13-cv-01377-JHR-KMW

CIVIL ACTION

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO REMAND

Plaintiffs, Michelle Roche ("Roche"), Jay Minerley ("Minerley")[1] and Tim

Singleton ("Singleton"), Individually and as Class Representatives (collectively the

"Plaintiffs"), hereby submit this Memorandum of Law in support of their

application for an Order remanding the claims of Roche and Singleton[2] back to the

---

[1] Due to a clerical error, plaintiff Jay Minerley was improperly identified as "Minerly" in the initial Complaint.

[2] While Plaintiffs maintain that Minerley will prevail on his [and putative class members'] substantive claims, they concede that for jurisdictional purposes, Minerley's claims, alone, must remain in federal court. As this Court lacks subject matter jurisdiction over the claims of Roche and Singleton, those claims must be remanded. *See* 28 U.S.C. § 1447(c) and 28 U.S.C. §§ 1441(c)(2) and (c)(1)(B).

Superior Court of New Jersey, Atlantic County, and awarding such other and further relief as may be proper, including costs, expenses and attorneys' fees incurred as a result of the removal, pursuant to 28 U.S.C. § 1447.

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ............................. ............................. ...................... 1

II.  PROCEDURAL HISTORY ............................. ............................. .......... 1

III. FACTS ............................. ............................. ............................. ........4

IV.  LEGAL ARGUMENT ............................. ............................. ............... 6

   A.   Defendants Have Not Met Their Burden to Establish
        Jurisdiction ............................. ............................. ........................ 7

   B.   The Complete Preemption Doctrine Does Not Apply to the
        Claims of Roche and Singleton ............................. ..................... 9

        i.   Plaintiff Roche's Health Insurance Plan is Exempt from
             ERISA ............................. ............................. .................... 12

        ii.  Plaintiff Singleton's Health Insurance Plan Does Not
             Contain an Express Subrogation Clause............................ ..12

   C.   This Matter is Not Subject to CAFA Jursidiction ............................ 13

   D.   Plaintiffs are Entitled to an Award of Costs and Fees Incurred
        as a Result of the Removal ............................. ............................ 15

V.   CONCLUSION ............................. ............................. ...................... 15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allstate Ins. Co. v. 65 Sec. Plan,*
    879 F.2d 90 (3d Cir. 1989)................................................7, 8, 10

*Caterpillar, Inc. v. Williams,*
    482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed. 2d 318 (1987) ................................8, 9

*Cooper Tire & Rubber Co. v. Striplin,*
    652 So.2d 1102 (Miss. 1995)................................................11

*Dukes v. U.S. Healthcare, Inc.,*
    57 F.3d 350 (3d Cir. 1995)................................................7, 10, 11

*Duong v. Anderson Bakery Employee Benefit Plan,*
    1996 U.S. Dist. LEXIS 13812 (E.D. Pa. Sep. 10, 1996)................................7

*Estate of Ashmore v. Healthcare Recoveries, Inc.,*
    1998 U.S. Dist. LEXIS 4645 (N.D. Miss. Mar. 25, 1998)................................11

*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,*
    463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)................................7

*Gully v. First Natl. Bank,*
    299 U.S. 109, 81 L.Ed. 70, 57 S. Ct. 96 (1936)................................7

*Kaufman v. Allstate N.J. Ins. Co.,*
    561 F.3d 144 (3d Cir. N.J. 2009)................................13, 14

*Martin v. Franklin Capital Corp.,*
    546 U.S. 132, 126 S.Ct. 704................................................15

*Massachusetts Mut. Life Ins. Co. v. Russell,*
    471 U.S. 134, 87 L.Ed.2d 96, 105 S.Ct. 3085 (1985)................................9

*Metropolitan Life Ins. Co. v. Taylor,*
    481 U.S. 58, 95 L.Ed.2d 55, 107 S.Ct. 1542 (1987)................................8, 9, 10

*Morgan v. Gay,*
    471 F.3d 469 (3d Cir. 2006)................................................7

*Ry. Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co.,*
    858 F.2d 936 (3d Cir. 1988) ............................................................... 9

*Ryan v. Federal Express Corp.,*
    78 F.3d 123 (3d Cir. 1996) ............................................................... 11

**STATUTES**

28 U.S.C. § 1332(d)(4) ....................................................................... 13

28 U.S.C. § 1441(a) ............................................................................. 7

28 U.S.C. §§ 1441(c)(2) and 1441(c)(1)(B) ...................................... 5

28 U.S.C. § 1447 ................................................................................ 15

28 U.S.C. § 1447(c) ..................................................................... 15, 16

29 U.S.C. § 1002(32) ........................................................................ 12

29 U.S.C. § 1003(b)(1) ..................................................................... 12

29 U.S.C. § 1132(a)(1)(B) ............................................................... 10

CAFA ........................................................................................... 13, 14

Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, 1711–1715
    ("CAFA") ........................................................................................ 1

Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et*
    *seq.* ("ERISA") .............................................................................. 1

ERISA ................................................................................... passim

**OTHER AUTHORITIES**

N.J.A.C. 11:4-42.10 ............................................................................ 2

## I.     INTRODUCTION

Defendants, Aetna Inc., Aetna Health Inc., Aetna Health Insurance Co., Aetna Life Insurance Co. (collectively "Aetna"), and The Rawlings Company, LLC ("Rawlings") (collectively with Aetna as the "Defendants"), removed this matter to this Honorable Court, alleging that this action arises under the law of the United States; specifically, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA").  Defendants also alleged that this matter is removable pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, 1711–1715 ("CAFA").

Plaintiffs hereby seek remand of the claims of Roche and Singleton to the Superior Court of New Jersey, Atlantic County.  Roche's claim relates to a governmental health plan which is entirely exempt from ERISA, and Defendants have failed to meet their burden of proof to establish that Singleton's claim arises under ERISA, mandating that these plaintiffs' claims be remanded.  Furthermore, while Plaintiffs are seeking class certification as noted by Defendants, this matter is exempt from CAFA's federal jurisdiction pursuant to its "local controversy" exception.

## II.    PROCEDURAL HISTORY

On or about January 25, 2013, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Atlantic County, asserting that they, and all other similarly

situated members of the class they seek to represent, were covered by health insurance plans issued by Aetna which are not subject to ERISA pre-emption, and that they sustained personal injuries for which they sought recovery and had liens, subrogation demands and/or repayment demands asserted against them by the Defendants in violation of New Jersey's anti-subrogation laws (N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10). *See* Plaintiffs' Complaint at Exhibit A to Defendants' Notice of Removal, attached hereto as Exhibit "1." As Defendants concede, Plaintiffs' Complaint contains Counts for relief which are all under New Jersey statutory or common law. *See* Exhibit "1" at ¶ 15 and at Exhibit A, generally. Specifically, in addition to their claim for violation of New Jersey's anti-subrogation laws, Plaintiffs assert claims for, including but not limited to, violations of the New Jersey Consumer Fraud Act and the New Jersey theft by deception statute, breach of contract, breach of duty of good faith and fair dealing, violation of fiduciary duty, bad faith, intentional misrepresentation, conversion and unjust enrichment. *See* Exhibit "1" at Exhibit A, generally.

On or about March 7, 2013, Defendants filed a Notice of Removal, removing the matter to this Court by asserting that this action arises under the laws of the United States, and that it could have been brought originally in federal court as an action for benefits due under ERISA. *See* Exhibit "1" at ¶¶ 18-20. The Notice of Removal lacked adequate documentation necessary to sustain the burden

of proof for removal.   Rather, Defendants rely on conclusory statements that Plaintiffs' health insurance plans are "employee welfare benefit plans" within the meaning of ERISA, and that Plaintiffs qualify as "participants" of their respective plans under ERISA. *See* Exhibit "1" at ¶ 27.   Defendants further alleged that Plaintiffs' state law claims pertaining to Defendants' subrogation and reimbursement demands are claims to determine benefits under ERISA plans. *See* Exhibit "1" at ¶ 34.  In support of their Notice of Removal alleging that Plaintiffs' health insurance plans are "ERISA plans," Defendants submit the "Declaration" of Myrna Goodrich, a "multi-functional project manager" employed by Aetna. *See* Exhibit "1" at Exhibit C.  Goodrich declares that each plaintiff's health insurance plan is a "employee group health plan." *Id.*  Defendants provide no further documentation such as would be necessary to support their allegation that plans in question are in fact covered by ERISA.

On or about March 12, 2013, the parties filed a Stipulation to enlarge the time periods within which Plaintiffs may file a motion to remand and Defendants may file a responsive pleading to the Complaint.  Pursuant to the Stipulation, Plaintiffs would be permitted to file a motion to remand on or before April 22, 2013.  The Court issued an Order on March 13, 2013, granting the parties' Stipulation and approving the requested enlargement of time. *See* Stipulation and

March 13, 2013 Order attached hereto as Exhibit "2." Pursuant to the Stipulation and the Court's Order, Plaintiffs' Motion to Remand is timely filed.

## III.   FACTS

Plaintiff Roche, a resident of the State of New Jersey, was involved in a motor vehicle accident on or about January 19, 2007 wherein she sustained serious injuries and received benefits under a health insurance policy issued in, and subject to, the laws of the State of New Jersey. The overwhelming majority of the benefits she received were actually from a non-ERISA government health plan through her husband's employment with the State of New Jersey and administered by Aetna (the "State Health Plan"). *See* the relevant insurance ID card identifying the policy as a "State Health Benefits Program" attached hereto as Exhibit "3," and relevant pages of the Aetna Member Handbook for the State Health Benefits Program attached hereto as Exhibit "4."    While Defendants imply that all benefits received by Roche were from an employee group health plan through the Bank of America and administered by Aetna Life Insurance Company (*See* Exhibit "1" at ¶23), Roche in fact received only a very small portion of her total benefits from such plan. She received benefits totaling $86,601.72 from the non-ERISA State Health Plan (*See* Summary of Medical Expenses Paid through Member Robert Roche's policy attached hereto as Exhibit "5") and received only $1,473.57 in benefits

through the Bank of America plan (*See* Summary of Medical Expenses Paid through Member Michelle Roche's policy, attached hereto as Exhibit "6"). [3]

Plaintiff Singleton was involved in a motor vehicle accident on or about December 4, 2006, wherein he sustained serious injuries and received benefits under a health insurance policy issued in and subject to the laws of the State of New Jersey. While Defendants assert that the policy in question is covered by ERISA (*See* Exhibit "1" at ¶ 27), they have provided no evidence in support of that assertion. Furthermore, a review of the policy contract reveals no provision for subrogation or reimbursement. *See* Singleton health insurance policy contract attached hereto as Exhibit "7." Finally, while ERISA plans must comply with certain reporting requirements such as filing IRS Form 5500, Singleton's employer has filed IRS Form 5500 to identify only a Profit Sharing Thrift Plan and has not filed such form to identify any ERISA health and welfare plan for the benefit of its employees. *See* Summary of Form 5500 Filings for HLM Holdings, Inc. attached hereto as Exhibit "8."

---

[3] While Plaintiffs maintain that the overwhelming majority of Roche's claim relates to the governmental plan which is entirely exempt from ERISA and therefore not removable to this Court, the minor portion of Roche's claim relating to the $1,473.57 in benefits received from the Bank of America plan appears to be appropriate for federal jurisdiction. Accordingly, while the claims relating to the governmental plan should be remanded, the small claim related to the Bank of America plan should remain in this Court. *See* 2 8 U.S.C. §§ 1441(c)(2) and 1441(c)(1)(B). As with Minerley, undersigned counsel believe Roche will prevail in this Court on such claim as well.

As a result of the injuries sustained in the above referenced accidents, Plaintiffs Roche and Singleton sought and received medical benefits through their health insurance polices which are not subject to ERISA pre-emption. Plaintiffs Roche and Singleton filed civil lawsuits against the respective tortfeasors involved in each motor vehicle accident, asserting that such tortfeasors caused the motor vehicle accidents and were thus liable to Roche and Singleton for their resulting damages.

Rawlings, acting as an agent for Aetna, has asserted, and continues to assert, a lien, subrogation claim and/or demand for reimbursement for the benefits which Aetna paid as against the personal injury recoveries of Roche and Singleton. Plaintiff Roche has in fact made payment to Defendants in response to the Defendant's lien, subrogation and/or repayment demands.

## IV.   LEGAL ARGUMENT

Plaintiff Roche's claims which relate to a governmental plan are entirely exempt from ERISA and must be remanded to State Court.  Plaintiff Singleton's claims relate to a policy which does not contain a right of subrogation.  As such, Singleton's claims are excluded from the "complete preemption" doctrine and must be remanded to State Court as well.  Furthermore, Defendants have failed to meet their burden of proof to establish federal jurisdiction as they have not provided any support for their conclusory allegation that the claims of Roche and

Singleton relate to plans covered by ERISA, and as such, these claims should be remanded to State Court on that basis as well.

### A. Defendants Have Not Met Their Burden to Establish Jurisdiction

A defendant attempting to remove to federal district court a civil action originally brought in state court, on the contention that the federal district court has original jurisdiction over the matter, bears the burden of establishing that such jurisdiction exists. See 28 U.S.C. § 1441(a); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 7-8, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The burden of proof remains with the removing defendant. *Morgan v. Gay*, 471 F.3d 469, 472-73 (3d Cir. 2006).

The "mere presence of a federal question does not confer jurisdiction upon" the federal courts. *Duong v. Anderson Bakery Employee Benefit Plan*, 1996 U.S. Dist. LEXIS 13812 (E.D. Pa. Sep. 10, 1996). It is well-settled that, for purposes of removal jurisdiction, the "well-pleaded complaint rule requires [that] the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Gully v. First Natl. Bank*, 299 U.S. 109, 112-13, 81 L.Ed. 70, 57 S. Ct. 96 (1936); *Allstate Ins. Co. v. 65 Sec. Plan*, 879 F.2d 90, 92-3 (3d Cir. 1989). "Thus, the plaintiff is master of its own claim and can choose to keep its suit in state court if its well-pleaded complaint does not affirmatively rely on federal law." *Allstate*,

879 F.2d at 93. "It also follows that a case may not be removed to a federal court on the basis of a federal defense, including one that the state law relied upon by the plaintiff has been preempted by federal law and that relief can be had, if at all, only under that federal law." *Id.* Also see *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 2430, 96 L.Ed. 2d 318 (1987). Our Supreme Court has applied this principle in the specific context of ERSIA preemption. See *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 95 L.Ed.2d 55, 63, 107 S.Ct. 1542 (1987) (a defense of federal preemption under ERISA does not invoke federal question jurisdiction).

As Defendants concede, Plaintiffs' Complaint contains Counts for relief which are all under New Jersey statutory or common law. *See* Exhibit "1" at ¶ 15 and at Exhibit A, generally. There is no dispute that the claims presented on the face of Plaintiffs' Complaint do not present any federal question or rely affirmatively on federal law. While Defendants make a mere blanket assertion that Plaintiffs' plans are "employee welfare benefit plans" within the meaning of ERISA, and that Plaintiffs qualify as "participants" of their respective plans under ERISA (*See* Exhibit "1" at ¶ 27), they do not provide any evidence to support such assertion. Furthermore, while Defendants argue that ERISA preempts Plaintiffs' state law claims, our courts have held that a defense of federal preemption under

8

ERISA does not invoke federal question jurisdiction.  Accordingly, Defendants have not met their burden of proof to establish that federal jurisdiction exists.

## B. The Complete Preemption Doctrine Does Not Apply to the Claims of Roche and Singleton

Defendants allege that the claims of Roche and Singleton are removable based on the complete preemption doctrine.  However, this allegation is simply untrue as Roche's claim relates to a governmental plan which is entirely exempt from ERISA, and Singleton's plan does not contain any provision for subrogation.

While there is an exception to the well-pleaded rule as described above under the "complete preemption" doctrine, such doctrine is not applicable in the present matter. Under the complete preemption doctrine, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life,* 481 U.S. at 63-64.  However, the complete-preemption doctrine is stringently applied and, even if federal preemption is the only real issue in the case, there is no jurisdiction unless the preemption is complete. See *Ry. Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co.,* 858 F.2d 936 (3d Cir. 1988); *Caterpillar, Inc.,* 482 U.S. at 393.

The Supreme Court has determined that Congress intended the complete-preemption doctrine to apply to state law causes of action which fit within the scope of ERSIA's civil-enforcement provisions. *Massachusetts Mut. Life Ins. Co.*

*v. Russell*, 471 U.S. 134, 146, 87 L.Ed.2d 96, 105 S.Ct. 3085 (1985).   The civil-enforcement provisions of ERISA, contained in section 502(a), provide, in relevant part, that a civil action may be brought by a plan participant or beneficiary to recover benefits due, to enforce rights under the terms of the plan, or to clarify rights to future benefits.   29 U.S.C. § 1132(a)(1)(B).   However, the Third Circuit has held that the fact that the Supreme Court "has recognized a limited exception to the well-pleaded complaint rule for state law claims which fit within the scope of § 502 by no means implies that all claims preempted by ERISA are subject to removal."   *Dukes,* F.3d at 355.

Section 514(a) of ERISA defines the scope of ERISA preemption, providing that ERISA supersedes any and all State laws insofar as they many now or hereafter relate to any employee benefit plan described in § 4(a) of ERISA and not exempt under § 4(b) of ERISA.   § 4(b) specifically exempts from ERISA coverage those plans which are governmental plans, church plans, and excess benefit plans.   "State law claims which fall outside of the scope of § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete-preemption principles..."   *Id.*   Also   see *Metropolitan Life,* 481 U.S. at 64 (stating that ERISA preemption under § 514(a), without more, does not convert a state claim into an action arising under federal law); *Allstate,* 879 F.2d at 93-94 (holding that § 514(a) preemption defense will not

10

justify removal unless claim falls within the scope of ERSIA's civil enforcement provision). "When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved." *Dukes*, 57 F.3d at 355.

Courts have also found an exception to the complete preemption doctrine where a plan does not contain a specific subrogation clause. Specifically, the Third Circuit has noted that "ERISA says nothing about subrogation provisions. ERISA neither requires a welfare plan to contain a subrogation clause nor does it bar such clauses or otherwise regulate their content." *Ryan v. Federal Express Corp.*, 78 F.3d 123, 127 (3d Cir. 1996). As such, courts which have addressed this issue have found that where there is no express subrogation clause contained in the plan, the issue of the validity of an asserted subrogation lien is not completely preempted since the "subrogation right, if any, does not rest on the terms of the ERISA plan." *Estate of Ashmore v. Healthcare Recoveries, Inc.*, 1998 U.S. Dist. LEXIS 4645 (N.D. Miss. Mar. 25, 1998). Also see *Cooper Tire & Rubber Co. v. Striplin*, 652 So.2d 1102, 1104 (Miss. 1995)(holding that absent an enforceable written

reimbursement agreement under an ERISA plan, any recovery would be based on an equitable claim for reimbursement under the doctrine of quasi-contract.)

### i. Plaintiff Roche's Health Insurance Plan is Exempt from ERISA

There can be no dispute that governmental health insurance plans are entirely exempted from ERISA coverage. 29 U.S.C. § 1003(b)(1). ERISA defines a governmental plan as "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32).

As noted above, the overwhelming majority of Roche's benefits were received from the State Health Plan issued by her husband's employer, the State of New Jersey. It is well-settled that such governmental plans are entirely exempt from ERISA. As such, Roche does not have a cause of action under ERISA § 502 for any claim related to benefits from the State Health Plan, and accordingly, such claim is clearly not removable under the "complete-preemption" doctrine.

### ii. Plaintiff Singleton's Health Insurance Plan Does Not Contain an Express Subrogation Clause

While Defendants make a blanket allegation that Plaintiffs' plans, including the plan of Singleton, are covered by ERISA, they have not provided any evidence in support of that allegation. Furthermore, Singleton's policy documents contain no provision for a right of subrogation and/or reimbursement. As discussed above,

12

the absence of an express subrogation clause in the plan documents results in the avoidance of complete preemption of Singleton's claim, mandating that it be remanded.

## C.    This Matter is Not Subject to CAFA Jursidiction

In their Notice of Removal, Defendants also assert that this matter is a removable Class Action pursuant to CAFA. *See* Exhibit "1" at ¶¶ 40-52. Furthermore, Defendants assert that "no exception to CAFA removal is applicable" in this matter. *See* Exhibit "1" at ¶ 53. However, this assertion is incorrect.

CAFA's "local controversy" exception bars federal courts from exercising jurisdiction if: (1) more than two-thirds of the members of all proposed class members are citizens of the State in which the action was originally filed; (2) at least one defendant, from whom "significant relief" is sought and whose alleged conduct forms a "significant basis" for the claims asserted, is a citizen of the State in which the action was originally filed; (3) the "principal injuries" resulting from the alleged conduct of each defendant were incurred in the State in which the action was originally filed; and (4)  no other class action has been filed on behalf of the same persons, against any of the defendants, asserting the same or similar factual allegations, during the three year period preceding the filing of the present action.   28 U.S.C. § 1332(d)(4).  Also <u>see</u> *Kaufman v. Allstate N.J. Ins. Co.,* 561 F.3d 144, 149 (3d Cir. N.J. 2009).

Our courts have held that the "significant basis" provision can be satisfied even if not every member of the putative class has a claim against the local defendant, as long as a "significant number or percentage" of putative class members do have such a claim. *Kaufman*, 561 F.3d at 156. Furthermore, where the plaintiffs are citizens of the forum state, the relevant insurance policies are all issued in that state, and the putative class would be comprised of members with insurance policies issued in that state, any injuries resulting from the alleged conduct would be incurred in such state, and accordingly, the "principal injuries" provision is satisfied. *Kaufman*, 561 F.3d at 158.

Based on the above, the local controversy exception to CAFA jurisdiction clearly applies to this matter. There is no dispute that more than two-thirds of the proposed class members are citizens of the State of New Jersey and that there have been no other class actions brought on behalf of Plaintiffs and said class members against Defendants, asserting the same or similar claims as those asserted in this matter, during the 3 year period immediately preceding the filing of this suit. Furthermore, there is no dispute that at least one of the Defendants, Aetna Health, Inc. (a NJ Corp.), is a citizen of the State of New Jersey. Furthermore, a significant number of the putative class members have a claim against Aetna Health, Inc. Finally, as in the *Kaufman* case, the relevant insurance policies in the present matter are issued in the State of New Jersey and the injuries resulting from

14

the alleged conduct of the Defendants was incurred in the State of New Jersey, and as such, the "principal injuries" provision is satisfied.

**D.    Plaintiffs are Entitled to an Award of Costs and Fees Incurred as a Result of the Removal**

Pursuant to 28 U.S.C. § 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Costs and expenses, including fees, may be awarded under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 711, L.Ed.2d 547 (2005). Based on the above, to the extent that this Honorable Court is inclined to grant their Motion to Remand, Plaintiffs respectfully request an award of the costs and expenses incurred as a result of the removal of this matter.

**V.    CONCLUSION**

For all the foregoing reasons, the claim of plaintiff Michelle Roche related to her governmental non-ERISA plan, and the claim of plaintiff Tim Singleton, should be remanded to the Superior Court of New Jersey, Atlantic County. The claim of plaintiff Michelle Roche related to her Bank of America plan, and the claim of plaintiff Jay Minerley, should remain in this Court. Further, to the extent that Plaintiffs' motion to remand is granted, they should be awarded their costs and

expenses, including attorneys' fees, incurred as a result of the removal pursuant to 28. U.S.C. § 1447(c).

Respectfully submitted,

KLEHR HARRISON HARVEY
BRANZBURG LLP

  s/ Carianne P. Torrissi
Charles A. Ercole, Esq.
Carianne P. Torrissi, Esq.
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002
Phone: (609) 486-7900
Fax: (856) 486-4875
Email: cercole@klehr.com;
Email: ctorrissi@klehr.com

*-and-*

Charles Kannebecker, Esq.
399 Clove Road
P.O. Box 1848
Montague, NJ 07827
Telephone:  (570) 296-6471
Kannebecker@wskllawfirm.com

Dated: April 22, 2013                              *Counsel for Plaintiffs*