## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MICHELLE ROCHE, JAY MINERLY
and TIM SINGLETON, Individually and
as Class Representatives,

                        Plaintiffs,

       vs.

AETNA, INC., AETNA HEALTH, INC.
(a NJ corp.), AETNA HEALTH
INSURANCE CO., AETNA LIFE
INSURANCE CO., and THE RAWLINGS
COMPANY, LLC,

                       Defendants.

**Case No. 13-cv-1377 (JHR) (KMW)**

**ECF Case**

## DEFENDANTS' MEMORANDUM OF LAW IN
## OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND

**Motion Set for May 20, 2013**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................ ii

INTRODUCTION .......................................................................1

SUMMARY OF ARGUMENT ..........................................................2

FACTS RELEVANT TO THIS MOTION...........................................4

ARGUMENT ...........................................................................6

I.   The Court Cannot Remand All or Any Part of This Action,
     Because it Has Subject Matter Jurisdiction Over All Claims...........6

     A.   The Court Has Original Jurisdiction Over The Entire
          Action Under CAFA.................................................7

     B.   The Court Has Original Federal Question Jurisdiction
          Over Most Claims, And Supplemental Jurisdiction Over The
          Remaining Claims ...................................................9

     C.   The Motion Must Be Denied As Untimely
          Under 28 U.S.C. § 1447(c) .......................................11

     D.   The Court Cannot Remand Singleton's Claims or Any "Portion"
          of Roche's Claims Under 28 U.S.C. § 1441(c)(2), Because the
          Court Has Original or Supplemental Subject Matter
          Jurisdiction Over All Such Claims ...............................12

II.  Plaintiffs Have Not Met Their Burden of Establishing
     the Local Controversy Exception to CAFA Jurisdiction................13

     A.   Plaintiffs Have Not Established That Greater Than
          Two-Thirds of Putative Class Members Are New Jersey Citizens.........14

     B.   Plaintiffs Have Not Established Either Of The Two
          "Significant" Local Defendant Elements ................................15

     C.   Plaintiffs Have Not Established That Principal Injuries Resulting From
          The Conduct Of Each Defendant Were Incurred In New Jersey...........17

CONCLUSION ........................................................................18

i

# TABLE OF AUTHORITIES

## Cases

*Ariel Land Owners, Inc. v. Dring*,
  351 F.3d 611 (3d Cir. 2003) .................................................................11

*City of Chicago v. Int'l College of Surgeons*,
  522 U.S. 156 (1997).............................................................................10

*Cockerline v. Menendez*,
  411, N.J. Super. 596, 988 A.2d 575 (App. Div. 2010)...........................................6

*Coleman v. Estes Exp. Lines*,
  631 F.3d 1010 (9th Cir. 2011) .............................................................15

*Evans v. Walter Indus. Inc.*,
  449 F.3d 1159 (11th Cir. 2006) ............................................... 13, 16, 17

*Farina v. Nokia Inc.*,
  625 F.3d 97(3d Cir. 2010), *cert. denied*, 132 S. Ct. 365 (2011)...........................11

*Harris Corp. v. Kollsman, Inc.*,
  97 F. Supp. 2d 1148 (M.D. Fla. 2000).................................................11

*Heleine v. Saxon Mortgage Servs., Inc.*,
  11-cv-5695 FLW, 2013 WL 1352257 (D.N.J. Apr. 2, 2013).................................5

*Hoffman v. Metro. Ins. & Annuity Co.*,
  12-cv-2303, 2012 WL 3185953 (D.N.J. Aug. 2, 2012).......................................11

*Kaufman v. Allstate New Jersey Ins. Co.*,
  561 F.3d 144 (3d Cir. 2009) ...................................................... *passim*

*Levine v. United Healthcare Corp.*,
  402 F.3d 156 (3d Cir. 2005), *cert. denied*, 546 U.S. 1054 (2005) ........................6

*Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*,
  655 F.3d 358 (5th Cir. 2011) ................................................. 13, 15, 17

*Pavone v. Mississippi Riverboat Amusement Corp.*,
  52 F.3d 560 (5th Cir. 1995) ....................................................................11

*Perreira v. Rediger*,
  169 N.J. 399, 778 A.2d 429 (2001) ...........................................................6

*USX Corp. v. Adriatic Ins. Co.*,
  345 F.3d 190 (3d Cir. 2003) .......................................................................5

*Westerfeld v. Independent Processing, LLC*,
  621 F.3d 819 (8th Cir. 2010) ...................................................................13

*Wirth v. Aetna U.S. Healthcare*,
  469 F.3d 305 (3d Cir. 2006) .................................................................... 18

## Statutes

28 U.S.C. § 1331 ........................................................................................2

28 U.S.C. § 1332(d) ..........................................................................*passim*

28 U.S.C. § 1367 ...........................................................................3, 10, 12

28 U.S.C. § 1441(c) .........................................................................*passim*

28 U.S.C. § 1446 ........................................................................................2

28 U.S.C. § 1447(c) .........................................................................*passim*

28 U.S.C. § 1453 ........................................................................................2

29 U.S.C. § 1002(1) ...................................................................................9

29 U.S.C. § 1001 ........................................................................................2

N.J.S.A. 2A:15-97.................................................................................. 6, 18

## Regulations

N.J.A.C. 11:4-42.10 .................................................................................. 6

## INTRODUCTION

On January 25, 2013, Plaintiffs Michelle Roche ("Roche"), Jay Minerley[1]

("Minerley") and Tim Singleton ("Singleton") filed a putative class action

complaint (the "Complaint" or "Compl.") in the Superior Court of New Jersey,

Law Division, Atlantic County, Index No. L-438-13 (the "action").  Exh. A to

Notice of Removal, Dkt. No. 1.

On March 7, 2013, Defendants Aetna Inc., Aetna Health, Inc., Aetna Health

Insurance Co., Aetna Life Insurance Co. (collectively, "Aetna") and The Rawlings

Company, LLC  ("Rawlings"  and collectively with Aetna, "Defendants")

removed the Action to this Court.  Notice of Removal, Dkt. No. 1.

On April 22, 2013, Plaintiffs moved for Remand (*"Remand Motion"*). Dkt.

No. 8.  This is Defendants' brief in opposition to the Remand Motion.

Plaintiffs joined their claims together for prosecution in a single class action.

Plaintiffs now ask the Court to fragment the action, retaining subject matter

jurisdiction over some "portions" of the case, while remanding other "portions" to

state court.  In the alternative, Plaintiffs ask that the entire action be remanded as a

"local controversy."  The motion must be denied for multiple procedural and

substantive reasons.

---

[1] Plaintiff Minerley's name was misspelled as "Minerly" in the Complaint. *See Pls. Br.* at 1 n.1.

## SUMMARY OF ARGUMENT

Defendants' removal of the action was based on the two separate grounds of (1) federal question jurisdiction, 28 U.S.C. § 1331, because the action arises under, and the claims asserted are preempted by, the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001 *et. seq.*; and (2) the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1446 and 1453.

The Remand Motion, filed 46 days after removal, is untimely under 28 U.S.C. § 1447(c).  Only a remand motion based upon the lack of subject matter jurisdiction may be made more than 30 days after removal.

Plaintiffs have conceded the Court has CAFA subject matter jurisdiction over the entire action by not contesting any of the CAFA jurisdictional facts that supported Defendants' removal.  They argue for remand based upon CAFA's narrow "local controversy" provision, 28 U.S.C. § 1332(d)(4)(A), which can apply only after the Court's CAFA jurisdiction has been established.   Therefore the Remand Motion is too late under  28 U.S.C. § 1447(c).

Even if the Remand Motion were timely, Plaintiffs have not met their heavy burden of establishing this class action is a New Jersey "local controversy."  Plaintiffs Minerley and Singleton are Pennsylvania (not New Jersey) residents.  All acts relevant to the claims of Plaintiffs Roche and Singleton occurred in Pennsylvania and concern Pennsylvania (not New Jersey) subrogation law.  No

Defendant from whom significant relief is sought or whose conduct forms a significant basis for all Plaintiffs' claims is a citizen of New Jersey.

Plaintiffs also concede there is federal question jurisdiction arising under ERISA over all of Minerley's claims and the "portion" of Roche's claims that relate to her ERISA plan.   But they argue for remand of Singleton's claims and the remaining non-ERISA plan "portion" of Roche's claims, under 28 U.S.C. § 1441(c), which requires district courts to sever and remand claims over which they lack original or supplemental jurisdiction.   However, the Court has CAFA jurisdiction over the entire action.   Even if it did not have CAFA jurisdiction, the Court has original jurisdiction over all of Singleton's claims and supplemental jurisdiction over Roche's non-ERISA claims under 28 U.S.C. § 1367, giving it subject matter jurisdiction over all claims.  That makes 28 U.S.C. § 1441(c) inapplicable as a basis for remand, and once again makes the motion untimely under 28 U.S.C. § 1447(c).

The Court has subject matter jurisdiction over all claims, no substantive statutory remand provisions apply here, and the Remand Motion was filed too late. The Remand Motion should be denied.

## FACTS RELEVANT TO THIS MOTION[2]

Plaintiffs are participants in employee group health benefit plans ("Plans") provided by their respective employers.  March 6, 2013 Declaration of Myrna Goodrich, Exhibit C to Notice of Removal, Dkt. No. 1  ("Goodrich Declaration") at ¶¶ 8-10.  Each of the Plans is either insured or administered by one of the Aetna defendants.  *Id.*; Compl. ¶ 5.  Rawlings is a subrogation claims recovery vendor for Aetna-insured and Aetna-administered health plans.  Compl. ¶ 13.

Plaintiffs plead they each suffered injuries in separate motor vehicle accidents, received medical benefits from their Plans, and then sued the third party tortfeasors responsible for their injuries.  *Id.* ¶¶ 18-19.  They plead that Rawlings demanded Plaintiffs reimburse Aetna for the cost of those medical benefits if Plaintiffs obtained personal injury recoveries.  *Id.* ¶ 20.

The Complaint pleads no Plaintiff's citizenship.  The Complaint pleads that one of the three Plaintiffs (Roche) resides in New Jersey.  *Id.* ¶ 2.  The Complaint pleads that the auto accident of one of the three Plaintiffs (Minerley) occurred in New Jersey.  *Id.* ¶ 3.  The Complaint pleads that each Plaintiff's health insurance policy was "issued in" New Jersey.  *Id.* ¶¶ 15-17.  That is the extent of the facts pleaded in the Complaint relative to New Jersey.

---

[2] Without admitting any allegation of fact or assertion of law in the Complaint, for purposes of this motion, Defendants treat the well-pleaded facts in the Complaint as if they were true.

The Complaint omits the following facts:  (1) Roche's and Singleton's auto accidents occurred in Pennsylvania (not New Jersey), and they have prosecuted their respective personal injury actions in the Court of Common Pleas of Pike County, Pennsylvania (not New Jersey), *see,* May 14, 2013 Declaration of Richard W. Cohen, submitted herewith, at ¶¶ 3-4 and Exhibits B and C thereto ("Cohen Declaration") [3]; and (2) Minerley and Singleton are Pennsylvania residents. Exhibit C to Cohen Declaration (Singleton complaint) at ¶ 1; Goodrich Declaration ¶¶ 11-12.

Regarding Defendants, only one, Aetna Health, Inc., is a citizen of New Jersey.  Compl. ¶ 8.[4]  The Complaint alleges that Defendant Rawlings, "acting as an agent for Aetna," has made the subrogation and/or reimbursement demands that Plaintiffs assert violate New Jersey law.  Compl. ¶¶ 20, 38.

Roche and Minerley settled personal injury claims and reimbursed Defendants.  *Id.* ¶ 21.  Singleton does not allege he either settled his personal injury claims or paid anything to any Defendant.  *Id. passim.*

---

[3] A court may consider evidence in opposition to a remand motion. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003); *Heleine v. Saxon Mortgage Servs., Inc.*, 11-cv-5695 FLW, 2013 WL 1352257 (D.N.J. Apr. 2, 2013).

[4] *See* Goodrich Declaration ¶¶ 2, 3, 5, and March 5, 2013 Declaration of Rawlings executive Kathleen M. Barrens, Exhibit D to Dkt. No. 1 at ¶ 2, concerning the citizenship of the other Defendants.

Plaintiffs assert Defendants' reimbursement efforts violate N.J.S.A. 2A:15-97 and N.J.A.C. 11:4-42.10.[5]   Based solely upon that premise, the Complaint asserts 33 separate "Counts" for relief under New Jersey law. Plaintiffs seek declaratory relief, compensatory, treble, and punitive damages, interest and legal fees from Defendants for themselves and members of a putative class of persons similarly situated. Complaint, Prayer for Relief at p. 32.

## ARGUMENT

### I.    The Court Cannot Remand All or Any Part of This Action, Because it Has Subject Matter Jurisdiction Over All Claims

The availability of either of Plaintiffs' procedural bases for remand, 28 U.S.C. §§ 1441(c)(2) or 1447(c), depends upon there being claims over which the Court has neither original or supplemental subject matter jurisdiction.

Plaintiffs concede that the Court has CAFA subject matter jurisdiction over the entire action.  They merely argue that the Court must decline to exercise that subject matter jurisdiction based upon CAFA's local controversy provision.  *See*

---

[5]  N.J.S.A.2A:15-97 "is a general law of civil procedure." *Levine v. United Healthcare Corp.*, 402 F.3d 156, 165 (3d Cir. 2005), *cert. denied*, 546 U.S. 1054 (2005).  Its primary purpose is to "abrogate [] the common law collateral source rule … to 'disallow double recovery to plaintiffs.'" *Cockerline v. Menendez*, 411, N.J. Super. 596, 623, 988 A.2d 575, 591 (App. Div. 2010), quoting *Perreira v. Rediger*, 169 N.J. 399, 410, 778 A.2d 429 (2001), *overruled on other grounds* by *Levine v. United Healthcare, supra.*  N.J.A.C. 11:4-42.10 is an administrative code provision adopted in 2002 (after *Perreira* and before *Levine*) prohibiting subrogation/third party recovery provisions in group health insurance policies.

Section II of this brief, pp. 13-18, *infra*, for Defendants' "local controversy" argument.

Plaintiffs also concede federal question jurisdiction over all claims except Singleton's and a "portion" of Roche's.  Defendants have provided sufficient evidence of the Court's federal question jurisdiction over all of Singleton's claims, and the Court has supplemental subject matter jurisdiction over the disputed "portion" of Roche's claims.

The Court's original or supplemental jurisdiction over all claims pleaded makes the Remand Motion untimely under 28 U.S.C. § 1447(c), and makes 28 U.S.C. § 1441(c) inapplicable even if the motion were timely.

### A.    The Court Has Original Jurisdiction Over The Entire Action Under CAFA

Plaintiffs concede CAFA jurisdiction over the entire action, but argue for the Court not to exercise that jurisdiction and remand the action pursuant to 28 U.S.C. § 1332(d)(4)(A),[6] CAFA's "local controversy" provision.  While the Plaintiffs title their brief's local controversy section, "This Matter is Not Subject to CAFA Jurisdiction" (*Remand Motion* at 13), they do not and cannot argue anywhere in the text of the argument that the Court does not have CAFA subject matter jurisdiction.

---

[6] Plaintiffs have not argued for, or provided evidence supporting, remand pursuant to CAFA's "home state" provision, 28 U.S.C. § 1332(d)(4)(B).

Plaintiffs conflate CAFA's "local controversy" exception with the Court's lack of CAFA jurisdiction.  Even if the local controversy exception applied (it does not), it only comes into play after the Court's CAFA jurisdiction has been established. The Third Circuit has noted Congress' placement of the local controversy rule outside the jurisdictional section of CAFA, 28 U.S.C. § 1332(d)(2), and held it applies only in actions over which a federal court *does* have CAFA subject matter jurisdiction.  *Kaufman v. Allstate New Jersey Ins. Co.,* 561 F.3d 144, 153-54 (3d Cir. 2009)  ("*[O]nce CAFA jurisdiction has been established*, the burden shifts to the party objecting to federal jurisdiction to show that the local controversy exception should apply.")  (emphasis added).

In the Notice of Removal and the supporting exhibits (Dkt. No. 1), Defendants established the three CAFA jurisdictional elements of 28 U.S.C. § 1332(d)(2) ((i) civil class action; (ii) minimal diversity; (iii) $5 million amount in controversy).  Plaintiffs have not argued any of these elements is missing.  Where, as here, Plaintiffs have not contested the CAFA-related jurisdictional facts upon which Defendants based removal, subject matter jurisdiction exists unless it appears to a legal certainty to the Court that those jurisdictional facts are wrong. *See Kaufman*, 561 F.3d at 151.

### B.    The Court Has Original Federal Question Jurisdiction Over Most Claims, And Supplemental Jurisdiction Over The Remaining Claims

Plaintiffs concede that Minerley's claims relate to an ERISA plan and therefore "must remain in federal court." *Remand Motion* at 1, n.2.[7]

Plaintiffs concede that a "portion" of Plaintiff Roche's claim "appear[s] to be appropriate for federal jurisdiction." *Id.* at 5 n.3.

Concerning the third Plaintiff, Singleton, Plaintiffs do not deny his claims concern an ERISA Plan.  They argue only that Defendants "have not provided any evidence in support of that allegation."  *Id.* at 12.  This ignores the Goodrich Declaration, where Aetna's employee declared, under penalty of perjury, that Singleton's Plan is a group benefits plan sponsored by Singleton's employer, HLM Holdings, Inc. and Hundley CPAS Corporation.  Goodrich Declaration ¶ 10.  By operation of law, such a plan is governed by ERISA.  *See* 29 U.S.C. § 1002(1), ERISA § 3(1).

This leaves only a "portion" of Roche's claims outside the Court's original subject matter jurisdiction.  Roche's medical benefits for injuries from her Pennsylvania auto accident were paid by one ERISA and a second non-ERISA plan, both administered by Aetna.  *Remand Motion* at 4-5.  Roche concedes ERISA

---

[7] State law claims related to ERISA plans are preempted by ERISA under the principles of complete preemption under § 502 of ERISA, as well as express preemption under § 514 of ERISA.  *See Notice of Removal* ¶¶ 28-39.

federal subject matter jurisdiction over the "portion" of her claims that relate to her reimbursement of the ERISA plan. *Id.* at 5 n.3.   The Court has supplemental jurisdiction over the remaining "portion" of her claims.  28 U.S.C. § 1367.

All of Roche's claims arise from a single automobile accident (in Pennsylvania), a single personal injury lawsuit Roche has prosecuted (in Pennsylvania) concerning her injuries from that accident, and Rawlings' demands that Roche reimburse the two Aetna-administered Plans that paid her medical benefits out of any recovery she obtained from that lawsuit.  *See* Exhibit B to Cohen Declaration.  All such claims, whether or not governed by ERISA, arise from this same nucleus of operative facts.  The non-ERISA-governed claims are well within the Court's supplemental jurisdiction under 28 U.S.C. § 1367, and should be adjudicated in this single forum.  *See, e.g., City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 172-73 (1997).  Defendants will assert as defenses to all of her claims, the voluntary payment doctrine[8] and the inapplicability of the two New Jersey statutes upon which Roche's (and all of the Plaintiffs') claims are based.  Splitting Roche's claims under these circumstances between two separate courts, one state and one federal, would be a waste of judicial resources and could lead to contradictory rulings.

---

[8] Roche paid the reimbursement demanded, for which she now seeks restitution. Compl. ¶¶ 21, 124-28.

## C.   The Motion Must Be Denied As Untimely Under 28 U.S.C. § 1447(c)

The motion is defective, having been filed 16 days after the 30-day deadline of 28 U.S.C. § 1447(c), for remand motions based upon "any defect other than lack of subject matter jurisdiction." [9]   Since the Court has CAFA subject matter jurisdiction over the entire action, and original federal question jurisdiction or supplemental subject matter jurisdiction over all claims, the 30-day rule of 28 U.S.C. § 1447(c) bars the Remand Motion.

Failing to move to remand within the statutory time period results in a waiver.  *Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010), *cert. denied,* 132 S. Ct. 365 (2011); *Hoffman v. Metro. Ins. & Annuity Co.*, 12-cv-2303, 2012 WL 3185953, at *4 (D.N.J. Aug. 2, 2012) (Rodriguez, J.) ; *see also Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir. 2003) ("The statute is clear that, if based on a defect other than jurisdiction, remand may only be effected by a timely motion.").   The Remand Motion should be denied as untimely.[10]

---

[9] 28 U.S.C. § 1447(c) provides in full: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

[10] Plaintiffs rely upon the scheduling stipulation and order entered March 13, 2013 (Dkt. No. 5) to excuse the untimeliness of the Remand Motion.  *See, Remand Motion* at 3-4.  However, the 30-day deadline imposed by § 1447(c) is statutory and cannot be extended by court order. *See, e.g., Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995); *Harris Corp. v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1151 (M.D. Fla. 2000) ("Federal litigants cannot

### D.   The Court Cannot Remand Singleton's Claims or Any "Portion" of Roche's Claims Under 28 U.S.C. § 1441(c)(2), Because the Court Has Original or Supplemental Subject Matter Jurisdiction Over All Such Claims

Plaintiffs' request remand of Singleton's claims and a partial remand of Roche's claims under 28 U.S.C. § 1441(c)(2), which governs post-removal treatment of joined federal and state law claims only when the state law claims are "not within the original or supplemental jurisdiction of the district court."  For the reasons explained above, all of Singleton's and Roche's claims are within the original jurisdiction of the Court (either under CAFA, ERISA or both), and Roche's non-ERISA-governed claims are within the Court's supplemental jurisdiction under 28 U.S.C. § 1367, making 28 U.S.C. § 1441(c)(2) inapplicable as grounds for partial remand.

---

stipulate to ignore statutory time periods established by Congress. Moreover, federal courts may not use Fed.R.Civ.P. 6(b) to enlarge statutory time periods.") (citing 1 MOORE'S FEDERAL PRACTICE § 6.06(1)(a) (3d ed. 2000)).

Prior to entering into the stipulation, Defendants' counsel warned Plaintiffs' counsel that § 1447(c)'s deadline cannot be extended by stipulation. *See* March 11, 2013 email from Richard Cohen to Carianne Torrissi, Exhibit A to Cohen Declaration ("since the procedures for removal and remand are statutory, I don't believe the court has the power to enlarge the time limits. See 28 USC §1447. I didn't want to ambush you…").

## II. Plaintiffs Have Not Met Their Burden of Establishing the Local Controversy Exception to CAFA Jurisdiction

Plaintiffs argue (*Remand Motion* at 13-15), without any supporting evidence, that this class action is a New Jersey "local controversy," requiring the Court to decline to exercise its CAFA jurisdiction.  *See* CAFA, 28 U.S.C. § 1332(d)(4)(A).

The proponent of the local controversy exception must prove each of its elements.  *Kaufman,* at 153-54.  The exception "is intended to be narrow, 'with all doubts resolved in favor of exercising jurisdiction over the case.'" *Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.,* 655 F.3d 358, 360 (5th Cir. 2011) (quoting *Evans v. Walter Indus. Inc.,* 449 F.3d 1159, 1163 (11th Cir. 2006), citing *Westerfeld v. Independent Processing, LLC,* 621 F.3d 819, 822 (8th Cir. 2010)).

The local controversy rule requires that a federal district court "shall decline to exercise jurisdiction . . . over a class action in which –

> (I)  greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II)  at least 1 defendant is a defendant –
>
> (aa)  from whom significant relief is sought by members of the plaintiff class;
>
> (bb)  whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

> (cc)  who is a citizen of the State in which the action was originally filed; and

> (III)  principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(A)(i).

### A.   Plaintiffs Have Not Established That Greater Than Two-Thirds of Putative Class Members Are New Jersey Citizens

In lieu of any proof that over two-thirds of putative class members are New Jersey citizens, Plaintiffs make the conclusory assumption, *ipse dixit*, that this element of local controversy is undisputed.  *Remand Motion* at 14 ("There is no dispute that more than two-thirds of the proposed class members are citizens of the State of New Jersey….").  Not only is it Plaintiffs' unmet burden to establish that element of the local controversy exception, Plaintiffs' assumption it is undisputed is false.

The Complaint does not plead any Plaintiff is a citizen of New Jersey and pleads New Jersey residence only for Plaintiff Roche.  In the Notice of Removal and supporting exhibits, Defendants provided evidence showing at least two of the three Plaintiffs (Minerley and Singleton) are likely Pennsylvania citizens. Goodrich Declaration  ¶¶ 11, 12.  This is unsurprising in light of the nature of Plaintiffs' claims (arising from motor vehicle accidents), which would involve a substantial percentage of class members who are citizens of neighboring states

such as Pennsylvania, New York, Delaware and Maryland. *See* Notice of Removal ¶¶ 45, 47.

### B. Plaintiffs Have Not Established Either Of The Two "Significant" Local Defendant Elements

The local controversy exception also requires that Plaintiffs establish that at least one defendant "from whom significant relief is sought by members of the plaintiff class," 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa) and "whose alleged conduct forms a significant basis for the claims asserted by ... plaintiff[s]," 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb)) is a New Jersey citizen. The "significant relief" and "significant basis" elements are independent; Plaintiffs must establish both for the local controversy exception to apply. *See Kaufman*, 561 F.3d at 152; *Coleman v. Estes Exp. Lines,* 631 F.3d 1010, 1015 (9th Cir. 2011).

Plaintiffs have not established either element.

Plaintiffs merely *argue* that "a significant number of the putative class members have a claim against Aetna Health, Inc." (the only one of the four Defendants alleged to be a New Jersey citizen). *Remand Motion* at 13. That is the full extent of their effort to satisfy their burden of establishing the two "significant local defendant" elements. Not only is this argument inadequate as proof, it "conflates the requirement that the local defendant's *conduct* form a significant basis of the claims with the requirement that the local defendant be one from whom significant relief is sought." *Opelousas,* 655 F.3d at 363 (emphasis added).

The "mere fact that relief might be sought against [the local defendant] for the
*conduct* of others (via joint liability) does not convert the conduct of others into the
conduct of [the local defendant] so as to also satisfy the 'significant basis'
requirement." *Evans*, 449 F.3d at 1167 n.7 (emphasis added). Moreover, "the
significant basis provision requires there be at least one local citizen defendant
whose alleged conduct forms a significant basis for *all the claims asserted in the
action." Kaufman*, 561 F.3d at 155 (emphasis added). Thus,

> [i]n relating the local defendant's alleged conduct to all
> the claims asserted in the action, the significant basis
> provision effectively calls for comparing the local
> defendant's alleged conduct to the alleged conduct of all
> the Defendants.... If the local defendant's alleged conduct
> is a significant part of the alleged conduct of all the
> Defendants, then the significant basis provision is
> satisfied. Whether this condition is met requires a
> substantive analysis comparing the local defendant's
> alleged conduct to the alleged conduct of all the
> Defendants.

*Id.* at 156.

The Complaint asserts that the basis of liability of the only New Jersey
citizen, Defendant Aetna Health, Inc., is not its *conduct,* but rather its *status. See
Compl. passim.* Any liability of Aetna Health, Inc. would be vicarious of
Rawlings' alleged actions demanding reimbursement on its behalf. *Id.* at ¶ 20, 38.
Even if Aetna Health, Inc.'s status exposed it to joint and several liability with
Rawlings, such claims are insufficient as a matter of CAFA law to establish its

"conduct forms a significant basis for the claims." 28 U.S.C.

§ 1332(d)(4)(A)(i)(II)(bb) ; *see Opelousas,* 655 F.3d at 363; *Evans,* 449 F.3d at

1167. Moreover, not all Plaintiffs' claims even concern Aetna Health, Inc.

Roche's ERISA Plan was not insured or administered by Aetna Health, Inc. It was

a self-funded plan of Bank of America, administered by non-New Jersey citizen,

Defendant Aetna Life Insurance Company. *See* Goodrich Declaration, ¶ 8.

### C.   Plaintiffs Have Not Established That Principal Injuries Resulting From The Conduct Of Each Defendant Were Incurred In New Jersey

The local controversy exception to CAFA requires proof that the plaintiffs'

principal injuries were incurred in the state to which remand is sought. 28 U.S.C. §

1332(d)(4)(A)(i)(III). The evidence before the Court is more probative of

Pennsylvania being that state than New Jersey. The auto accidents and resulting

personal injury lawsuits of two of the three Plaintiffs (Roche and Singleton)

occurred in Pennsylvania. *See* Exhibits B and C to Cohen Declaration. Any

alleged *financial* injuries of two of the three Plaintiffs (Minerley and Singleton)

arising from Defendants' reimbursement demands, also would have occurred in

Pennsylvania, where they reside. Any alleged *legal* injuries claimed by Plaintiffs

Roche and Singleton arising out of Defendants' reimbursement demands could

have occurred only in Pennsylvania, whose law would govern reimbursement

demands made regarding their Pennsylvania personal injury actions. The statute

that is the basis for all of Plaintiffs' claims, N.J.S.A. 2A:15-97, is a New Jersey

civil procedure law, that would have no application to lawsuits in Pennsylvania

courts.[11]

Plaintiffs have not met their burdens of establishing CAFA's local

controversy exception.

## CONCLUSION

The Court should deny the Motion for Remand.

---

[11] Pennsylvania has its own collateral source law governing subrogation and reimbursement in actions brought in Pennsylvania courts. *See Wirth v. Aetna U.S. Healthcare*, 469 F.3d 305 (3d Cir. 2006).

Dated:  May 14, 2013

Respectfully submitted,

**LOWEY DANNENBERG COHEN
& HART, P.C.**


By:/s/ Uriel Rabinovitz
        Uriel Rabinovitz
        Richard W. Cohen (admitted *pro hac vice*)
        Gerald Lawrence (admitted *pro hac vice*)
        One North Broadway, Suite 509
        White Plains, NY  10601-2310
        Telephone:  914-997-0500
        Email: urabinovitz@lowey.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Uriel Rabinovitz, certify that I caused the foregoing to be filed through the Court's electronic filing system on May 14, 2013.  Those attorneys registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

**/s/ Uriel Rabinovitz_____**