UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY MINERLEY, Individually and as Class Representative,<br><br>                 Plaintiff,<br><br>          v.<br><br>AETNA, INC., AETNA HEALTH, INC. (a NJ corp.), AETNA HEALTH INSURANCE CO., AETNA LIFE INSURANCE CO., and THE RAWLINGS COMPANY, LLC,<br><br>                 Defendants. | Civil No. 13-1377 (NLH/KMW)<br><br>**OPINION** |

**APPEARANCES:**

KLEHR HARRISON HARVEY BRANZBURG LLP
By:  Charles A. Ercole, Esq.
     Carianne P. Torrissi, Esq.
457 Haddonfield Road, Suite 510
Cherry Hill, New Jersey 08002

    and

KANNEBECKER LAW
By:  Charles Kannebecker, Esq.
104 West High Street
Milford, Pennsylvania 18337
     Counsel for Plaintiff

LOWEY DANNENBERG COHEN & HART, P.C.
By:  Uriel Rabinovitz, Esq.
     Richard W. Cohen, Esq. (pro hac vice)
     Gerald Lawrence, Esq. (pro hac vice)
One North Broadway, Suite 509
White Plains, New York 10601-2310
     Counsel for Defendants

1

**HILLMAN**, United State District Judge:

This suit concerns alleged violations of New Jersey's insurance regulation laws brought by Plaintiff Jay Minerley ("Plaintiff" or "Minerley") both individually and as putative class representative against Defendants Aetna, Inc., Aetna Health, Inc., Aetna Health Insurance Co., and Aetna Life Insurance Co. (collectively, the "Aetna Defendants") and The Rawlings Company, LLC ("Rawlings", and collectively with the Aetna Defendants, "Defendants").

Presently before the Court is Defendants' Motion for Reconsideration ("Defendants' Motion" or "Defs.' Mot.") [Dkt. No. 48]. For the reasons set forth below, Defendants' Motion will be **DENIED**.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court, in an Opinion dated March 1, 2016 [Dkt. No. 45], reported at Roche v. Aetna, Inc., --- F. Supp. 3d ---, Civ. No. 13-1377 (NLH/KMW), 2016 WL 797553 (D.N.J. Mar. 1, 2016) ("Summary Judgment Opinion"), granted-in-part and denied-in-part Defendants' Motion for Summary Judgment. The Court set out the factual background and procedural history of this case in its Summary Judgment Opinion, 2016 WL 797553, at *1–2, and will restate only what is relevant for the disposition of Defendants' Motion.

2

In support of their early motion for summary judgment, Defendants submitted to the Court a declaration from one of their employees and a certificate of coverage that Defendants claim covered Minerley. Summ. J. Op., 2016 WL 797553, at *4. The certificate submitted by Defendants asserted that the governing law covering the insurance certificate was "Federal law and the laws of Pennsylvania." Id. Plaintiff submitted a different insurance agreement that was provided to him by his employer. Id. His document stated that the governing law for the insurance agreement was "Federal law and the laws of New Jersey." Id.

The Court, faced with this dispute of material fact, could not adjudicate which plan document actually covered Minerley. Id. at *5. However, the Court concluded that Minerley's plan would be a plan covered by ERISA, and found his claims preempted by ERISA § 502(a), and so dismissed the complaint. Id. at *5-8. Defendants sought to preclude Minerley from amending his complaint to replead claims under ERISA § 502(a) on the grounds of futility. Id. at *9. Defendants argued that it would be futile "because (1) they would conflict with the express language of his plan's reimbursement terms; (2) they are asserted against the wrong Defendants; (3) he has failed to exhaust; and (4) his claims are barred under the voluntary payment doctrine." Id. at *9. The Court determined that the

first three grounds argued by Defendants required assessment of the plan language, and due to the dispute over which plan document covered Minerley, the Court could not evaluate whether those three grounds presented a reason to preclude Minerley from amending his complaint.  Id.  On the fourth ground, the Court rejected Defendants' argument.  Id.

Defendants then timely filed this Motion for Reconsideration.  As explained in the Summary Judgment Opinion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(f) over Plaintiff's ERISA claims.  See Summ. J. Op., 2016 WL 797553, at *2.

## II.  LEGAL STANDARD

In this District, Local Civil Rule 7.1(i) governs motions for reconsideration.  Local Civil Rule 7.1(i) will apply rather than Federal Rule of Civil Procedure 59 where no final judgment has been entered, but only a partial grant or denial of summary judgment.  See Warner v. Twp. of S. Harrison, 885 F. Supp. 2d 725, 747-48 (D.N.J. 2012).  However, the standard for evaluating the request is the same.  Id.

"The scope of a motion for reconsideration . . . is extremely limited."  Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).  "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly

4

discovered evidence.'"  Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  A motion for reconsideration "must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  Id. (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  Facteon, Inc. v. Comp Care Partners, LLC, Civ. No. 13-6765, 2015 WL 519414, at *1 (D.N.J. Feb. 9, 2015) (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).  "A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

**III. DISCUSSION**

Defendants ask this Court to reconsider its determination that there was a genuine dispute of material fact regarding Minerley's insurance contract.  They argue that the Court made a clear error of fact by the Group Agreement Cover Sheet and

5

Certificate of Coverage submitted by Defendants (the "Aetna Documents" [Dkt. No. 21-3]) and the Group Insurance Policy Cover Sheet and Group Insurance Certificate submitted by Minerley (the "Minerley Documents" [Dkt. No. 24-3]).  (See Def.'s Mot. Br. [Dkt. No. 49] at 1.)  Plaintiff responds that Defendants are merely re-litigating the same issue and fail to raise anything that indicates the Court made a clear error of fact.  (See Pl.'s Opp. [Dkt. No. 52] at 7-9.)

The Court has reviewed the Aetna Documents and the Minerley Documents again, and declines to depart from its earlier ruling.  As the moving parties in seeking summary judgment, Defendants bore the burden of demonstrating that there was no genuine dispute of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A dispute of material fact is genuine if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court may not weigh the evidence and determine the credibility of competing evidence on a motion for summary judgment; rather, the Court must determine if there is a genuine issue for trial.  Id. at 249.

Defendants did not carry their burden of demonstrating no genuine dispute of material fact in briefing the original motion, and their arguments in the instant motion are unavailing.  Defendants argue that the Minerley Documents only

6

"govern[ ] the vendor-customer relationship" between Minerley's employer and the Aetna Defendants, and that the Aetna Documents "govern[ ] the health benefits insurance relationship" between Minerley and the Aetna Defendants. (Defs.' Mot. Br. at 2.) However, Minerley contests this assertion, and Minerly does so with an affidavit and competing paperwork.

Further, the Minerley Documents include a Group Insurance Certificate, which Defendants do not address. (See Defs.' Mot. Br. at 3-4; Minerley Documents at PageID 819). Instead, Defendants point to the fact that their certificate says that it "describes the rights and obligations of members and [Aetna]." (Defs.' Mot. Br. at 4 (citing Aetna Documents at PageID 688).) However, the certificate in the Minerley Documents includes identical language that the certificate "describes the rights and obligations of members and [Aetna]." (Compare Minerley Documents at PageID 819 with Aetna Documents at PageID 688.)

Neither the Minerley Documents nor the Aetna Documents actually indicate that Minerley is a party to the contract, but both reference "members" and the rights and obligations of those members. On the basis of the documents, declarations, and affidavits submitted by the parties, a reasonable fact finder could find that the Minerley Documents apply to Minerley and not the Aetna Documents, and so there is a genuine dispute of material fact. The burden in summary judgment was on Defendants

7

in the first instance, and Defendants failed to meet their burden.

Defendants also contend that Minerley has admitted that the Aetna Documents control. (Defs.' Mot. Br. at 2.) This argument is misplaced. While the Court did construe certain admissions of Minerley's former co-plaintiff Tim Singleton to put a plan document at issue, the facts about Singleton's position were entirely different. Singleton did not put forth an affidavit or competing documentation; he merely asserted that he was not covered by a certain plan. See Summ. J. Op. at *5. Conversely, Minerley has not only asserted certain plan documents do not apply to him, he has provided different documents that he swears, under oath, he believes apply to him instead.

Defendants' Motion presents merely disagreement with the Court's decision, and does not present a clear error of fact that must be corrected to prevent a manifest injustice. Defendants have failed to meet their burden in the instant motion, and failed to meet their burden on summary judgment. Accordingly, reconsideration is improper.

8

**IV.  CONCLUSION**

For the foregoing reasons, Defendants' Motion will be denied.  An appropriate order accompanies this opinion.


Date:  October 24, 2016
At Camden, New Jersey

                                                     s/ Noel L. Hillman
                                             NOEL L. HILLMAN, U.S.D.J.