UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

_____
                                  :
JAY MINERLEY, Individually        :
and as Class Representative,      :   Civil No. 13-1377 (NLH/KMW)
                                  :
          Plaintiff,              :          OPINION
                                  :
     v                            :
                                  :
AETNA, INC., AETNA                :
HEALTH, INC., AETNA               :
HEALTH INSURANCE CO.,             :
AETNA LIFE INSURANCE CO.,         :
and THE RAWLINGS COMPANY,         :
LLC,                              :
                                  :
          Defendants.             :
_____

**APPEARANCES:**

KLEHR HARRISON HARVEY BRANZBURG LLP
By:  Charles A. Ercole, Esq.
     Carianne P. Torrissi, Esq.
457 Haddonfield Road, Suite 510
Cherry Hill, New Jersey 08002

and

KANNEBECKER LAW
By:  Charles Kannebecker, Esq.
104 West High Street
Milford, Pennsylvania 18337
          Counsel for Plaintiff

LOWEY DANNENBERG COHEN & HART, P.C.
By:  Uriel Rabinovitz, Esq.
     Richard W. Cohen, Esq.
     Gerald Lawrence, Esq.
One North Broadway, Suite 509
White Plains, New York 10601-2310
          Counsel for Defendants

1

**HILLMAN**, United State District Judge:

Discovery in this case has not begun, yet this is the third opinion issued by the Court in this case-- the second to address a motion for summary judgment filed by Defendants; and the third to address Defendants' argument that Plaintiff Minerley has failed to exhaust his administrative remedies.[1]

Presently before the Court are: (1) Defendants' "Motion to Dismiss Complaint, Strike Claims, and/or for Summary Judgment"; and (2) Minerley's "Motion for Conference."  For the reasons set forth below, the motions will be **DENIED**.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

To briefly reiterate the nature of this suit, Minerley, at the request of Defendant Rawlings, reimbursed his health insurer, Defendant Aetna, $3,512.82 after he successfully recovered compensation for a car accident in which he was involved.  Minerley contends that Defendants violated New Jersey's Collateral Source Statute by seeking and accepting reimbursement from him.

In a previous opinion, the Court ruled, in relevant part, that Minerley's claims asserted in the First Amended Complaint were preempted by ERISA § 502(a) and granted Minerley thirty

---

[1] The Court's previous opinions may be found at *Minerley v. Aetna, Inc.*, 2016 U.S. Dist. LEXIS 147600 (D.N.J. Oct. 24, 2016); and *Roche v. Aetna, Inc.*, 167 F. Supp. 3d 700 (D.N.J. 2016).

days to amend the First Amended Complaint to state a claim under ERISA § 502(a). In so holding, the Court rejected Defendants' argument that amendment would be futile because Minerley had failed to exhaust his administrative remedies. The Court explained that there was a material dispute of fact as to "what plan documents submitted into the record actually cover Minerley"-- the documents submitted by Aetna require exhaustion, whereas the documents submitted by Minerley do not. *Roche v. Aetna, Inc.*, 167 F. Supp. 3d 700, 711 (D.N.J. 2016).

On March 15, 2016, Defendants timely sought reconsideration of that decision, arguing that the documents Minerley submitted are not the operative ERISA plan. The Court denied reconsideration, stating that "a reasonable factfinder could find that the Minerley Documents apply to Minerley and not the Aetna Documents." *Minerley v. Aetna, Inc.*, 2016 U.S. Dist. LEXIS 147600 at *7 (D.N.J. Oct. 24, 2016).

A little over a week after filing the Motion for Reconsideration, Defendants tendered to Minerley's lawyer a certified check for $3,512.82 with the express purpose of "seeking to moot further litigation." (Defendants' Moving Brief, Docket No. 61, p. 2)

Minerley filed his Second Amended Complaint on March 31, 2016, and returned Defendants' uncashed check on April 22, 2016.

The Second Amended Complaint asserts three claims, on

3

behalf of Minerley and a proposed class of those similarly situated, against Aetna and Rawlings: (1) denial of ERISA benefits pursuant to 29 U.S.C. § 1132(a)(1)(B); (2) breach of the fiduciary duty of loyalty pursuant to 29 U.S.C. § 1132(a)(3); and (3) breach of the fiduciary duty to disclose pursuant to 29 U.S.C. § 1132(a)(3).  The fiduciary duty claims seek equitable relief only.

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction.  Facial attacks contest the sufficiency of the pleadings, and in reviewing such attacks, the Court accepts the allegations as true. *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir.), *cert. denied*, 558 U.S. 1091, 130 S. Ct. 1015, 175 L. Ed. 2d 618 (2009).  Factual attacks, on the other hand, require the Court to weigh the evidence at its discretion, meaning that the allegations in the complaint have no presumptive truthfulness. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

The instant motion does not attack the sufficiency of the pleadings and so the Court construes it as a factual attack.

### B. Fed. R. Civ. P. 56

The Court incorporates herein by reference the summary

judgment standard set forth in the previously issued summary judgment opinion in this suit. *See Roche v. Aetna, Inc.*, 167 F. Supp. 3d 700, 705 (D.N.J. 2016).

**C.  Fed. R. Civ. P. 12(b)(6)**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. *Bogosian v. Gulf Oil Corp.*, 562 F.2d 434, 446 (3d Cir. 1977).  However, "the Federal Rules of Civil Procedure . . . do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether

5

the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009)("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

**D. Fed. R. Civ. P. 12(f)**

A district court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  However, "[m]otions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." *Sliger v. Prospect Mortgage, LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (2d ed.))(*cited in Shelton v. Hollingsworth*, No. 15-1249, 2015 U.S. Dist. LEXIS 64983, 2015 WL 2400780, at *2 (D.N.J. May 18, 2015)).

**III. DISCUSSION**

Defendants make four arguments: (1) the entire action

6

should be dismissed without prejudice because Minerley has not exhausted his ERISA plan's mandatory pre-litigation administrative remedies; (2) this Court lacks subject matter jurisdiction under Article III of the U.S. Constitution because, in light of Defendants' offer to pay Minerley the full amount he paid to Aetna, no live "case or controversy" exists, U.S. Const., Art. III, § 2;[2] (3) the fiduciary duty claims should be dismissed because, Defendants contend, this is solely a suit for denial of benefits in violation of ERISA § 502(a)(1)(B); and (4) the class action allegations should be stricken.

The Court addresses the subject matter jurisdiction argument first, and then the remaining arguments in the order in which they are presented.

**A.   Mootness[3]**

Defendants argue that their tender of a check for $3,512.82 during the period of time after Minerley's claims in the First Amended Complaint had been dismissed as preempted by ERISA, but before Minerley filed the Second Amended Complaint asserting claims under ERISA, mooted the dispute between the parties.

---

[2]  It is undisputed that this Court has statutory authority to exercise federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Minerley's claims arise under ERISA. Subject matter jurisdiction under Article III of the United States Constitution, however, is a separate issue.

[3]  *See supra* at II. A. for the legal standard applicable to this issue.

Tender of the full amount Minerley paid to Aetna did not moot the entire case -- as stated in either the First Amended Complaint, or the Second Amended Complaint -- for two reasons.

First, both complaints plead not only Minerley's individual claims but also claims on behalf of a proposed class. The claims of an uncertified class cannot be mooted by an unaccepted settlement offer which would fully satisfy only the proposed named plaintiff's claims. *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016).[4]

Second, in this case, Defendants' settlement offer, even if accepted, would not have fully satisfied Minerley's claims. ERISA provides for fee shifting, *see* 29 U.S.C. § 1132(g)(1); *Hardt v. Reliance Std. Life Ins. Co.,* 560 U.S. 242 (2010)(holding that under § 1132(g)(1), "a court in its discretion may award fees and costs to either party, as long as the fee claimant has achieved some degree of success on the merits"), thereby leaving the "live" issue of Minerley's attorney's fees unresolved. *Cf. Gomez*, 136 S. Ct. at 668 ("The settlement offer did not include attorney's fees . . . because

---

[4] Defendants attempt to distinguish *Gomez* on the ground that *Gomez* involved a settlement offer under the offer of judgment rule, Fed. R. Civ. P. 68. The Court finds this distinction unpersuasive. *See Gomez*, 136 S.Ct. at 672 ("an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case.").

the TCPA does not provide for an attorney's-fee award.").[5]

The Court holds that a live case or controversy between the parties has existed at all times during the course of this suit to date. Therefore this Court has Article III subject matter jurisdiction. Defendants' motion to dismiss will be denied.

## B. Failure to exhaust[6]

Defendants' failure to exhaust argument is simply a reiteration of the argument they asserted in their Motion for Reconsideration, which this Court denied. *See Minerley v. Aetna, Inc.*, 2016 U.S. Dist. LEXIS 147600 (D.N.J. Oct. 24, 2016). Issues of material fact still preclude a ruling as to what the applicable plan documents are[7], and therefore also preclude a

---

[5] It is also worth noting that Defendants' settlement check included no interest. Given that Minerley paid Aetna sometime before the complaint was filed in 2013, and Defendants issued a check in 2016, it cannot be said that accrued interest would be *de minimis*. *See Gomez*, 136 S. Ct. at 669 ("'As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.'")(quoting *Chafin v. Chafin*, 133 S. Ct. 1017 (2013)).

[6] *See supra* at II. B. for the legal standard applicable to this issue.

[7] Minerley's "Motion for Conference" seems to be related to this issue. Minerley's reason for seeking a conference is based on the impression that Defendants have somehow "conced[ed] that there is, in fact, no ERISA Plan documents or ERISA Summary Plan Description." (Motion for Conference, Docket No. 72, ¶ 3) Defendants deny any such concession, and the Court sees no such concession in the papers. Accordingly, Minerley's Motion for Conference will be denied.

ruling that Minerley must exhaust his remedies. Defendants' motion for summary judgment will be denied.

**C. The fiduciary duty claims[8]**

Defendants argue, "[p]laintiff's claims for breach of fiduciary duties merely duplicate his claims for ERISA benefits due" (Moving Brief, Docket No. 61, p. 16), and therefore, Defendants assert, the fiduciary duty claims should be dismissed. In support of their argument, Defendants quote a portion of one sentence from *Harrow v. Prudential Ins. Co. of America*, which states that ERISA plaintiffs suing for denial of benefits cannot "artfully plead benefit claims as breach of fiduciary duty claims." 279 F.3d 244, 253 (3d Cir. 2002).

Minerley asserts that Defendants mischaracterize his claims, and explains that the rule articulated in *Harrow* dictates that his claims must remain. The Court agrees.

*Harrow* held that when fiduciary duty claims are pled merely in an attempt to "circumvent the [ERISA plan's] exhaustion requirement," such claims are properly dismissed. 279 F.3d at 253. The Court went on, however, to explain how to determine whether a fiduciary duty claim is merely artful pleading, or independent from the denial of benefits claim: "[a] claim for breach of fiduciary duty is actually a claim for benefits where

---

[8] *See supra* at II. C. for the legal standard applicable to this issue.

10

the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA." *Id.* at 254 (internal citation and quotation omitted).

Minerley explains that his fiduciary duty claims are plainly not based upon any ERISA plan language, observing that, the plan (whether the plan is embodied in Minerley's documents or Aetna's documents) undisputedly provides for subrogation, whereas Minerley's claim is that the plan language notwithstanding, Aetna was not entitled to subrogation under New Jersey law.  According to Minerley, his fiduciary duty claims are based on "the interpretation and application of ERISA's savings clause as applied to the New Jersey anti-subrogation regulation, N.J.A.C. 11:4-42.10." (Pl's Opposition Brief, Docket No. 64, p. 24)

Minerley's explanation is consistent with this Court's previous ruling that N.J.A.C. 11:4-42.10 "provides the relevant rule of decision for determining what benefits are due." *Roche*, 167 F. Supp. 3d at 709; *see also id.* at 710 ("The subrogation prohibition contained with Section 42.10 therefore supplies the relevant rule of decision for any ERISA § 502(a) claim."). Because the Court will look to New Jersey law, rather than the plan language, in adjudicating Minerley's fiduciary duty claims, *Harrow* does not support dismissal of the fiduciary duty claims.

Defendants' motion to dismiss the fiduciary duty claims will be denied.

**D.    The class action allegations[9]**

Defendants assert that the "class action allegations should be stricken because determination of Defendants' liability to any putative class member would require individual evidence regarding his or her exhaustion of pre-litigation remedies and voluntary payment." (Moving Brief, Docket No. 61, p. i)

The Court finds Defendants' argument premature.  The issue is more properly addressed upon a fully-briefed motion for class certification.

Defendants' motion to strike the class action allegations will be denied.

**IV.   CONCLUSION**

For the foregoing reasons, Defendants' Motion will be denied in its entirety, and Monerley's "Motion for Conference" will be denied.  An appropriate order accompanies this opinion.

Date: November 30, 2016              __s/ Noel L. Hillman____
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[9] *See supra* at II. D. for the legal standard applicable to this issue.

12