UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

```
_____
                               :
JAY MINERLEY, Individually     :
and as Class Representative,   :   Civil No. 13-1377 (NLH/KMW)
                               :
            Plaintiff,         :        OPINION
                               :
       v                       :
                               :
AETNA, INC., AETNA             :
HEALTH, INC., AETNA            :
HEALTH INSURANCE CO.,          :
AETNA LIFE INSURANCE CO.,      :
and THE RAWLINGS COMPANY,      :
LLC,                           :
                               :
            Defendants.        :
_____
```

**APPEARANCES:**

KLEHR HARRISON HARVEY BRANZBURG LLP
By: Charles A. Ercole, Esq.
    Carianne P. Torrissi, Esq.
457 Haddonfield Road, Suite 510
Cherry Hill, New Jersey 08002

and

KANNEBECKER LAW
By: Charles Kannebecker, Esq.
104 West High Street
Milford, Pennsylvania 18337
         Counsel for Plaintiff

LOWEY DANNENBERG COHEN & HART, P.C.
By: Uriel Rabinovitz, Esq.
    Richard W. Cohen, Esq.
    Gerald Lawrence, Esq.
One North Broadway, Suite 509
White Plains, New York 10601-2310
         Counsel for Defendants

1

**HILLMAN**, United State District Judge:

Presently before the Court is "Plaintiff's Motion for Reconsideration and Petition to Vacate the Court's April 11, 2017 Order Denying Defendant's Motion to Strike Jury Trial Demand as Moot." The Court based its ruling on the undisputed fact that none of the operative pleadings contain a jury trial demand. Plaintiff contends that this Court committed legal error because Plaintiff's original complaint, filed in state court, contains a jury trial demand. According to Plaintiff, that demand should control, despite the absence of a demand in the operative pleading.

The Court holds that it did not commit clear legal error in denying as moot the Motion to Strike Jury Demand. Accordingly, the Motion for Reconsideration will be denied.

## I. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his original putative class action complaint in New Jersey state court on January 25, 2013. It undisputedly contained a jury demand. It also asserted no less than 33 counts, all asserting state law causes of action.

On March 7, 2013, Defendants removed the suit from state court, asserting that this Court has federal question subject matter jurisdiction on the basis of ERISA complete preemption,

as well as diversity of citizenship subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d).

Plaintiff initially moved to remand. But then, prior to the Court ruling on the motion, Plaintiff filed his "First Amended Class Action Complaint" which, by Plaintiff's own admission, mooted the asserted basis for the Motion to Remand, and accordingly Plaintiff withdrew the motion. [See Docket #16] This First Amended Class Action Complaint appears to be substantially similar to the original complaint, in that it also asserts 33 state law claims and contains a jury demand.[1]

Defendants moved "for summary judgment or in the alternative to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." [Docket # 18] The Order deciding the motion states: "Defendants' Motion is GRANTED-IN-PART such that all claims of Plaintiffs are dismissed as completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") . . . Plaintiff Jay Minerley is GRANTED LEAVE TO AMEND the complaint within thirty (30) days to state a claim under ERISA § 502, 29 U.S.C. § 1132." [Docket #46]

---

[1] It appears that the Amended Complaint was filed pursuant to Fed. R. Civ. P. 15(a)(1)(B) in order to effectively sever Plaintiff Michelle Roche from this suit so that she could file a separate lawsuit in state court. [See Docket #16]
  It is worth noting that filing the First Amended Complaint was not the proper way to achieve Plaintiff Roche's exit from this suit. Plaintiff Roche should have filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A).

Exactly 30 days later, Plaintiff filed his Second Amended Class Action Complaint which asserts only six counts -- all claims pursuant to ERISA -- and contains no jury demand. [Docket #50] This undisputedly is the operative complaint. Defendants' Answer to the Second Amended Class Action Complaint [Docket #86] also contains no jury demand.

Subsequently, Defendants filed a "Motion to Strike Jury Demand." On April 11, 2017, in a one-page order, this Court denied as moot the motion stating, "neither the Second Amended Complaint, nor Defendants' Answer thereto, contains a jury demand. *See generally* Fed. R. Civ. P. 38, 'Right to A Jury Trial; Demand.'" [Docket #118]

## II.  LEGAL STANDARD

In this District, Local Civil Rule 7.1(i) governs motions for reconsideration. Local Civil Rule 7.1(i) will apply rather than Federal Rule of Civil Procedure 59 where no final judgment has been entered, but only a partial grant or denial of summary judgment. *See Warner v. Twp. of S. Harrison*, 885 F. Supp. 2d 725, 747-48 (D.N.J. 2012). However, the standard for evaluating the request is the same. *Id.*

"The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "The purpose of a motion for reconsideration is 'to

4

correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

**III.  DISCUSSION**

Plaintiff contends the Court "overlooked" the jury demand in his original complaint and that this asserted error compels a different result on the Motion to Strike Jury Demand. Plaintiff asserts that he has properly demanded a jury pursuant to Fed. R. Civ. P. 81(c)(3)(A), which provides in relevant part, "[a] party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal."

Plaintiff's argument ignores the procedural history that occurred after removal. The Court's Order of March 1, 2016 [Docket #46] dismissed the First Amended Complaint. Plaintiff then filed a Second Amended Complaint which undisputedly does not demand a jury trial. Fed. R. Civ. P. 81 simply does not

5

apply to this situation.

The two cases Plaintiff relies upon -- *W.B. Jackson v. Airways Parking Co.,* 297 F. Supp. 1366 (N.D. Ga. 1969), and *Rosen v. Dick*, 639 F.2d 82 (2d Cir. 1980) -- are similarly distinguishable in that neither involves the dismissal of a complaint followed by the filing of an amended complaint which does not contain a jury demand. Indeed, *W.B. Jackson* appears to directly undermine Plaintiff's position. *See* 297 F. Supp. at 1384 (holding that "no jury trial should be held").

In this Court's view, the question of whether Plaintiff is entitled to a jury trial is answered by a straight-forward application of Fed. R. Civ. P. 38(d): "[a] party waives a jury trial unless its demand is properly served and filed." Plaintiff's Second Amended Complaint contains no jury demand, and no separate demand has been filed. *See* Fed. R. Civ. P. 38(b). Therefore, any jury trial right Plaintiff may have had[2] has been waived by operation of Fed. R. Civ. P. 38(d).

The Court holds that Plaintiff has not demonstrated that the Court erred (much less clearly erred) in denying as moot the Motion to Strike Jury Demand.

---

[2] Defendants asserted in their Motion to Strike Jury Demand that ERISA provides no jury trial right to Plaintiff.

**IV. CONCLUSION**

For the above-stated reasons, the Motion for Reconsideration will be denied. An appropriate Order accompanies this Opinion.

Date: May 5, 2017                           __s/ Noel L. Hillman___
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.