```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

———————————————————————————

| | |
|---|---|
| JAY MINERLEY, individually and as class representative, | 1:13-cv-1377 (NLH/KMW) |
| | **OPINION** |
| Plaintiff, | |
| v. | |
| AETNA, INC., AETNA HEALTH, INC., AETNA HEALTH INSURANCE CO., AETNA LIFE INSURANCE CO., and THE RAWLINGS COMPANY, LLC, | |
| Defendants. | |

———————————————————————————

**APPEARANCES**:

JOSEPH ARMSTRONG
MATTHEW D'ANNUNZIO
DON P. FOSTER
OFFIT KURMAN P.A.
1801 MARKET STREET, SUITE 2300
PHILADELPHIA, PA 19103
    On behalf of Plaintiff

CHARLES KANNEBECKER
LAW OFFICES OF CHARLES KANNEBECKER
104 W. HIGH STREET
MILFORD, PA 18337
    On behalf of Plaintiff

RICHARD W. COHEN (ADMITTED PRO HAC VICE)
GERALD LAWRENCE (ADMITTED PRO HAC VICE)
URIEL RABINOVITZ
LOWEY DANNENBERG COHEN & HART, P.C.
ONE NORTH BROADWAY, SUITE 509
WHITE PLAINS, NY 10601-2310
    On behalf of Defendants

**HILLMAN**, District Judge

Plaintiff moves for leave to file a late jury demand. Having already determined that Plaintiff waived a jury trial, the Court will deny Plaintiff's request to order a jury trial under Federal Rule of Civil Procedure 39(b). Instead, the Court will have an advisory jury pursuant to Federal Rule of Civil Procedure 39(c).

## I.

The Court takes the following facts from its May 5, 2017 Opinion. Plaintiff filed his original putative class action complaint in New Jersey state court on January 25, 2013. The state court complaint undisputedly contained a jury demand. The state court complaint asserted thirty-three counts, all asserting state law causes of action.

On March 7, 2013, Defendants removed the case to federal court, asserting federal question jurisdiction on the basis of ERISA complete preemption, as well as diversity jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiff moved to remand. Prior to the Court's ruling, Plaintiff filed an amended complaint, mooting the asserted basis for the motion to remand. Consequently, Plaintiff withdrew the motion. The first amended complaint was substantially similar to the original complaint, also asserting thirty-three state law claims and containing a jury demand.

Defendants moved for summary judgment. This Court granted the motion in part, finding all of Plaintiff's claims were completely preempted by ERISA. Plaintiff was then granted leave to amend the complaint to state a claim under ERISA. This prompted the filing of Plaintiff's second amended complaint, asserting six counts under ERISA and containing no jury demand.

Defendants filed a Motion to Strike Jury Demand. In an April 11, 2017 Order, this Court determined Defendants' Motion to Strike Jury Demand was moot and thus denied the motion, as "neither the Second Amended Complaint, nor Defendants' Answer thereto, contain[ed] a jury demand." The Court's May 5, 2017 decision denying Plaintiff's motion for reconsideration considered Plaintiff's argument that the Court committed legal error in that Plaintiff's original complaint, filed in state court, contained a jury demand. The Court found this of no consequence and denied the motion.[1]

On May 10, 2017, Plaintiff moved for leave to file a late jury demand.

---

[1] The Court will not reconsider the waiver issue here. As stated at the June 26, 2017 hearing: "I'm not retreating on my rulings as it relates to the waiver . . . ." Plaintiff's counsel further stated: "We're not asking you to reconsider or change any prior ruling. Your prior ruling was based on the concept of waiver. We accept that."

**II.**

Plaintiff asks the Court for leave to permit a jury trial pursuant to Federal Rule of Civil Procedure 39(b). "Rule 39(b) governs when a proper jury demand under Rule 38 has not been made." Microbilt Corp. v. Fidelity Nat'l Info. Servs., Inc., No. 14-03284, 2014 WL 6804465, at *5 (D.N.J. Dec. 3, 2014). It provides: "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Under this rule, "a district court may still grant a jury trial, even where the demand was untimely made." U.S. SEC v. Infinity Grp. Co., 212 F.3d 180, 195 (3d Cir. 2000).

In considering whether to grant an untimely jury demand, courts consider the following factors:

> 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and 5) the reasons for the failure to file a timely demand.

Id. at 196. "The decision whether to grant a Rule 39(b) motion for jury trial rests with the sound discretion of the trial court." Scharf v. Blackstone Grp. L.P., No. 13-4089, 2015 WL 1975439, at *2 (E.D. Pa. May 4, 2015).

The Court finds the first factor – whether the issues are suitable for a jury – dispositive here. Plaintiff's second

4

amended complaint brings six counts. These consist of two counts for violation of ERISA pursuant to section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and four counts for breach of fiduciary duty pursuant to section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), and section 502(a)(3), 29 U.S.C. § 1132(a)(3).

Section 502(a)(1)(B) provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Section 502(a)(3) provides for a civil action

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

The Third Circuit has addressed section 502(a)(1)(B) and section 502(a)(3) and has found they do not entitle an employee to a jury trial. "[E]mployees who sue[] under ERISA to receive benefits under an applicable plan [are] not entitled to a jury trial under section 502(a)(1)(B)." Cox v. Keystone Carbon Co., 894 F.2d 647, 650 (3d Cir. 1990); accord Pane v. RCA Corp., 868 F.2d 631, 636 (3d Cir. 1989) ("[W]e held that the section 502(a)(1)(B) cause of action for the recovery of benefits was equitable in nature. In so holding, we joined other courts of

appeals which had previously rejected the claim that in a suit for the recovery of benefits under an ERISA employee benefit plan a litigant was entitled to a jury trial."). "[A] section 502(a)(1)(B) claim for benefits [i]s equitable in nature, and . . . hence [a] plaintiff [i]s not entitled to a jury trial." Cox, 894 F.2d at 650.

"A close examination of the language of subsection [503](a)(3) reveals that it is meant to provide only equitable relief and as such Congress can be said to have intended that there be no right to a jury trial under subsection (a)(3)." Cox v. Keystone Carbon Co., 861 F.2d 390, 393 (3d Cir. 1988); accord Pane, 868 F.2d at 636 ("Those causes of action authorized by section 502(a)(3) are by its terms explicitly equitable, and we have held that there is no right to a jury trial for them.").

This Court follows that precedent. The Court further finds section 404(a)(1)(A) does not provide an entitlement to a jury trial, as Plaintiff claims relief through section 502(a)(3).[2] In In re Unisys Savings Plan Litigation, No. 91-3067, 1995 WL 29048 (E.D. Pa. Jan. 26, 1995), vacated and remanded on other grounds,

---

[2] Section 404(a)(1)(A) provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries; and . . . defraying reasonable expenses of administering the plan."

6

74 F.3d 420 (3d Cir. 1996),³ the plaintiffs brought three claims against the defendants: the first claim for breach of fiduciary duty, the second for breach of duty to make adequate disclosures, and the third claim under 301 of the Labor Management Reporting and Disclosure Act. Id. at *1. The court found that, for "Counts I and II of the complaint, the ERISA counts, a jury trial is not available because the relief sought is equitable only." Id. at *5; accord Senn v. United Dominion Indus., Inc., 951 F.2d 806, 814 (7th Cir. 1992) (finding "injunctive relief [is provided for] pursuant to Sections 404(a)(1), 502(a)(1)(B) and 502(a)(3) of ERISA"); Bauer-Ramazani v. Teachers Ins. & Annuity Ass'n of Am.-Coll. Retirement & Equities Fund, No. 09-190, 2013 WL 6189802, at *10 (D. Vt. Nov. 27, 2013) ("ERISA breach of fiduciary duty claims are equitable in nature . . . .").⁴

The Court rejects Plaintiff's argument that Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204 (2002) is controlling here. Plaintiff quotes the following passage from Knudson in his brief:

---

³ "The plaintiffs did not appeal the court's . . . decision to strike the jury trial demand on Counts I and II." Meinhardt v. Unisys Corp. (In re Unisys Sav. Plan Litig.), 74 F.3d 420, 432 n.8 (3d Cir. 1996).

⁴ The Court notes that the counts in Unisys fell under section 404(c) and section 404(a)(1)(B), not section 404(a)(1)(A).

7

> Here, petitioners seek, in essence, to impose personal liability on respondents for a contractual obligation to pay money – relief that was not typically available in equity. "A claim for money due and owing under a contract is 'quintessentially an action at law.'" "Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." And "money damages are, of course, the classic form of <u>legal</u> relief."

Id. at 210 (citations omitted) (first quoting Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Wells, 213 F.3d 398, 401 (7th Cir. 2000); then quoting Bowen v. Massachusetts, 487 U.S. 879, 918-19 (1988) (Scalia, J., dissenting); and then quoting Mertens v. Hewitt Assocs., 508 U.S. 248, 255 (1993)).

"Knudson was not a case about the right to a jury trial; the Supreme Court did not address this issue." Canestri v. NYSA-ILA Pension Tr. Fund & Plan, No. 07-1603, 2009 WL 3698111, at *1 (D.N.J. Nov. 5, 2009). In Canestri, the plaintiff's "claim under § 502(a)(1)(B) s[ought] the payment of benefits, money, she claims [wa]s owed to her." Id. The plaintiff argued "Pane appear[ed] to base its holding on a finding that the relief she s[ought was] equitable in nature and that Knudson states that claims for money damages are not equitable, but instead are legal, triggering a right to a jury trial." Id. at *2. The court found "Knudson was not analyzing a right to a jury trial or even a claim for benefits under § 502(a)(1)(B); it

8

was analyzing whether a claim was appropriate under § 502(a)(3)." Id. Further, "Third Circuit district courts continue to apply Pane and its predecessors post-Knudson." Id.

Accordingly, the Court does not find this case suitable for a jury trial. Further, even where a case "may be tried before a jury," this does not necessarily mean "the circumstances of th[e] case are 'particularly suited to a jury.'" See Ballas v. City of Reading, No. 00-2943, 2001 WL 683805, at *1 (E.D. Pa. June 15, 2011) (quoting Infinity Group, 212 F.3d at 196). The Court, in its discretion, denies Plaintiff's motion and will not order a jury trial pursuant to Federal Rule of Civil Procedure 39(b).

## III.

Having denied Plaintiff's request to order a jury trial pursuant to Federal Rule of Civil Procedure 39(b), the Court finds this is an appropriate case for an advisory jury pursuant to Federal Rule of Civil Procedure 39(c). "Federal Rule of Civil Procedure 39(c) governs requests for jury trials in cases in which the parties do not have a jury trial as of right . . . ." Bereda v. Pickering Creek Indus. Park, 865 F.2d 49, 52 (3d Cir. 1988). Rule 39(c) provides: "In an action not triable of right by a jury, the court, on motion or on its own: (1) may try any issue with an advisory jury . . . ."

"District courts are free to use advisory juries, even absent the parties' consent." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 249 (3d Cir. 2013). Accordingly, pursuant to its discretion under Federal Rule of Civil Procedure 39(c), this Court will order an advisory jury in this matter. The Court finds this the most appropriate way to respect Plaintiff's request while abiding by Third Circuit precedent. At this juncture, the scope of the issues to be considered by the advisory jury cannot yet be defined. As trial approaches, counsel and the Court will draft special interrogatories on factual points relevant to the Court's ruling for consideration by the advisory jury.

An appropriate Order will be entered.


Date: December 11, 2017     s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.