```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```
─────────────────────────────

| | |
|---|---|
| JAY MINERLEY, Individually and as Class Representative, | No. 13-cv-1377 (NLH/KMW) |
| | **OPINION** |
| Plaintiff, | |
| v. | |
| AETNA, INC., AETNA HEALTH INC., AETNA HEALTH INSURANCE CO., AETNA LIFE INSURANCE CO., and THE RAWLINGS COMPANY, LLC, | |
| Defendants. | |

─────────────────────────────

**APPEARANCES**:

CHARLES THOMAS KANNEBECKER
THE LAW OFFICE OF CHARLES KANNEBECKER
104 W. HIGH STREET
MILFORD, PA 18337
    On behalf of Plaintiff

RYAN N. BOLAND
JOSEPH M. ARMSTRONG
DON P. FOSTER (admitted pro hac vice)
MATTHEW D. ANNUNZIO (admitted pro hac vice)
OFFIT KURMAN, P.A.
TEN PENN CENTER
1801 MARKET STREET, SUITE 2300
PHILADELPHIA, PA 19103
    On behalf of Plaintiff

ANTHONY MICHAEL CHRISTINA
LOWEY DANNENBERG, P.C.
200 BARR HARBOR DRIVE
SUITE 400
WEST CONSHOHOCKEN, PA 19428
    On behalf of Defendants

PETER D. ST. PHILLIP, JR.
URIEL RABINOVITZ
RICHARD W. COHEN (admitted pro hac vice)
GERALD LAWRENCE (admitted pro hac vice)
LOWEY DANNENBERG, P.C.
44 SOUTH BROADWAY, SUITE 1100
WHITE PLAINS, NY 10601
    On behalf of Defendants

**HILLMAN, District Judge**

This matter concerns alleged violations of New Jersey insurance regulation laws. Plaintiff Jay Minerley appeals Magistrate Judge Karen Williams's December 15, 2017 Discovery Order. For the reasons that follow, the Magistrate Judge's December 15, 2017 Discovery Order will be affirmed.

**I.**

The Court held a status hearing in this matter on June 26, 2017, in which the Court discussed some additional discovery that might be useful in this case, including discovery on certain claims history. On July 11, 2017, the Court issued the following text order:

> The Court having considered the parties' letters at docket entries 154 and 156 concerning the current scope of permitted discovery following the status hearing held on June 26, 2017, it shall be, and hereby is ORDERED that Aetna shall provide to Plaintiff the identification of names and addresses of every Weiss-Aug employee, and any covered family member, against whose third party tort recovery Aetna and/or Rawlings asserted, and collected, a subrogation lien.

Thereafter, the parties had a dispute over the scope of discovery. On November 28, 2017, Plaintiff filed a letter with the Court addressed to the Magistrate Judge concerning "the parties' dispute regarding Defendants' objections to Plaintiff's four interrogatories and four document requests." Namely, the dispute concerned Plaintiff's request for discovery on the history of Defendants' assertion of subrogation liens in plans involving other New Jersey employers.

Following a telephone conference, on December 15, 2017, the Magistrate Judge entered a Discovery Order stating: "The request to conduct discovery as to other plan members in analogous plans who have out of state employees with subrogation claims is DENIED." Plaintiff filed an appeal of the Discovery Order on December 29, 2017.

## II.

Federal Rule of Civil Procedure 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order

that is clearly erroneous or is contrary to law.[1] Thus, Rule 72(a) requires this Court adhere to a "clearly erroneous" or "contrary to law" standard of review. This standard requires the Court accord the Magistrate Judge "wide discretion." United States v. Sensient Colors, Inc., 649 F. Supp. 2d 309, 314-15 (D.N.J. 2009) (quoting Miller v. Beneficiary Mgmt. Corp., 844 F. Supp. 990, 997 (D.N.J. 1993)).

"A magistrate judge's decision is clearly erroneous 'when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is "left with the definite and firm conviction that a mistake has been committed."'" Id. at 315 (quoting Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)). "A magistrate judge's decision is contrary to law when he or she has 'misinterpreted or misapplied applicable law.'" Id. (quoting Kounelis, 529 F. Supp. 2d at 518). "Particular deference is accorded to magistrate judges on discovery issues." Costa v. County of

---

[1] Local Civil Rule 72.1(c) provides similarly:

> Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's order . . . . A Judge shall consider the appeal . . . and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.

4

Burlington, 584 F. Supp. 2d 681, 684 n.2 (D.N.J. 2008).

"The burden of demonstrating clear error rests with the appealing party." Sensient Colors, 649 F. Supp. 2d at 315 (citing Kounelis, 529 F. Supp. 2d at 518).

### III.

This dispute concerns the scope of discovery. Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Plaintiff argues the Magistrate Judge's Order "is contrary to the spirit of the Court's July 11, 2017 Order." However, the Court's July 11, 2017 Order concerned other Weiss-Aug employees. While Plaintiff argues the discovery ordered there is "similar" to the discovery requested, Plaintiff is reading this into the Court's Order based on its understanding of the Order's "spirit." The Court's Order, which speaks for itself, did not order discovery as broadly as Plaintiff suggests, and to the extent the Court's comments at the June 26, 2017 hearing could

5

have indicated a broader "spirit" of the Order, they did not sanction or suggest that such broad discovery was necessary or appropriate in this case, nor do they support the assertion that the Magistrate Judge's decision was clearly erroneous or contrary to law.

The Court's colloquy with counsel at the June 26, 2017 hearing, to the extent it touched on further discovery, was focused on two discrete issues: (1) Aetna's account executive and (2) Plaintiff's claims history. Plaintiff focuses on the following statement from the Court at the June 26, 2017 hearing:

> Well, here's what I think we need to do. I have identified two areas of discovery that I think would be helpful, and that is the history of the claims, and the other would be this account executive from Aetna who was there at the time . . . the package of benefits was put together . . . .

(Tr. at 95-96). Plaintiff interprets the Court's reference to "history of the claims" to refer broadly to "Aetna's subrogation claims." However, taken in context with the full scope of the hearing, Plaintiff's interpretation of the Court's comments is erroneous. Specifically, the Court said:

> I think I would like to see the whole history of the relationship just to assure myself that, leaving aside whether or not there are factual disputes that need to be resolved by a jury, <u>just to make sure that Aetna was consistent in its treatment of Mr. Minerley over time</u>.

(Tr. at 65 (emphasis added)). The Court also expressed interest

6

in whether "Mr. Minerley's ordinary and routine medical expenses were being paid out of a New Jersey HMO." (Tr. at 58). The Court's focus was clearly on the claims history of Plaintiff. Further colloquy with counsel regarding this discovery reinforces this conclusion:

> MR. LAWRENCE: And, your Honor, just because Mr. Rabinovitz and I are going to have to be the ones that do this work, the issue of the materials to produce with respect to the claims, I would envision taking the claims report for the claims prior to the time of his accident.
>
> . . . .
>
> MR. LAWRENCE: And identifying with respect to each of those claims what entity paid for the claim, just like a chart showing those two facts.
>
> THE COURT: That's something I think would be helpful.
>
> MR. FOSTER: What would also be helpful, what we got was a spreadsheet that simply had a lot of numbers and there was an identification of number 200 as being Aetna, Inc. of Pennsylvania. I don't dispute that because I've also seen a list that actually showed that. But I think that if we had the actual checks, if they're still available in electronic format, rather than just a spreadsheet showing the check numbers.
>
> THE COURT: I would think the backup for the spreadsheet would be helpful. The perfect world would be all of them. . . .

>             . . . .
> 
>     MR. LAWRENCE:   Your honor, . . . we ran his claims for
>                     this case already, and we ran the report
>                     from 12/31/08 going forward. Can we
>                     start at 12/31/08?
> 
>             . . . .
> 
>     MR. FOSTER:     I think that's fine.
> 
>     THE COURT:      Let's see what that shows and that will
>                     be good. . . .

(Tr. at 97-99).

The Court disagrees with Plaintiff's interpretation of its Order and any broader "spirit" expressed in the Order. The Court finds the Magistrate Judge's Discovery Order consistent with the prior Orders of the Court and not clearly erroneous or contrary to law. The Court will affirm the Magistrate Judge's decision.

An appropriate Order will be entered.


Date: <u>August 7, 2018</u>　　　　　　　　<u>s/ Noel L. Hillman</u>
At Camden, New Jersey　　　　　　　　　NOEL L. HILLMAN, U.S.D.J.